# Illinois Official Reports

## Appellate Court

---

### *People v. Applewhite*, 2016 IL App (1st) 142330

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SAMUEL APPLEWHITE, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-14-2330 |
| Filed<br>Rehearing denied | December 9, 2016<br>January 10, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 01-CR-23489; the Hon. Clayton J. Crane, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Elena B. Penick, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and Brian K. Hodes, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.<br>Justices Rochford and Delort concurred in the judgment and opinion. |

**OPINION**

¶ 1     The defendant, Samuel Applewhite, appeals the dismissal of his petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)). On appeal, he argues that the trial court erred in dismissing his petition as frivolous and patently without merit when the court held that his 45-year sentence did not violate the eighth amendment (U.S. Const., amend. VIII) or the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). For the reasons that follow, we affirm the judgment of the circuit court of Cook County.

¶ 2     In October 2001, the State charged the defendant in case No. 01 CR 23488 with multiple counts of attempted first degree murder (720 ILCS 5/8-4, 9-1(a)(1) (West 2000)), aggravated battery with a firearm (720 ILCS 5/12-4.2 (West 2000)), and armed robbery (720 ILCS 5/18-2(a)(2)-(4) (West 2000)). The indictment alleged that, on July 11, 2001, the defendant (a 17-year-old at the time of the offenses) "shot Lamar Smith about the body" and "took United States currency from the person or presence of Lamar Smith."

¶ 3     The State also charged the defendant in case No. 01 CR 23489 with multiple counts of first degree murder (720 ILCS 5/9-1(a)(1)-(3) (West 2000)), attempted first degree murder (720 ILCS 5/8-4, 9-1 (West 2000)), armed robbery (720 ILCS 5/18-2(a)(2), (a)(3) (West 2000)), attempted armed robbery (720 ILCS 5/8-4, 18-2(a)(4) (West 2000)), and aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2000)). These charges stem from a shooting incident that occurred on August 19, 2001, in which the defendant shot and killed Marshall Young.

¶ 4     On September 25, 2003, pursuant to a fully negotiated plea agreement, the defendant pled guilty to one count of first degree murder of Marshall Young (case No. 01 CR 23489) and one count of aggravated battery with a firearm of Lamar Smith (case No. 01 CR 23488). The remaining counts were dismissed. Pursuant to the agreement, the trial court imposed the mandatory minimum sentence of 45 years' imprisonment for first degree murder. This sentence consisted of the minimum 20-year sentence for murder (see 730 ILCS 5/5-8-1(a)(1)(a) (West 2002) (providing a range of 20 to 60 years)), plus a minimum 25-year mandatory firearm enhancement (see 730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2002) (providing for an add-on of 25 years to natural life)). The court also sentenced the defendant to 12 years' imprisonment for aggravated battery with a firearm (see 730 ILCS 5/5-8-1(a)(3) (West 2002) (providing a range of 6 to 30 years)) to run concurrent with the murder sentence.

¶ 5     The defendant did not move to withdraw his pleas or otherwise appeal from the judgment entered on his convictions, though he did file a *pro se* petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2010)). He alleged, *inter alia*, that his plea agreement and concurrent sentences were void because consecutive sentences were required by section 5-8-4(d)(1) of the Unified Code of Corrections (730 ILCS 5/5-8-4(d)(1) (West 2012)). He argued that he should be allowed to withdraw his pleas and go to trial. The State conceded that the sentences were void, as consecutive sentences were required. Nevertheless, the State maintained that it could remedy the illegality by dismissing the aggravated battery with a firearm charge, leaving intact the guilty plea and 45-year sentence for first degree murder.

¶ 6     The trial court granted the State's request and vacated the defendant's conviction for aggravated battery with a firearm in case No. 01 CR 23488. As a consequence, the court issued

a revised mittimus reflecting a 45-year sentence for first degree murder in case No. 01 CR 23489 and otherwise denied the defendant's petition. The defendant appealed, and this court affirmed the trial court's ruling. *People v. Applewhite*, No. 1-13-1549 (2014) (unpublished summary order under Supreme Court Rule 23(c)).

¶ 7 Thereafter, the defendant filed the instant *pro se* postconviction petition. In it, he alleges that the mandatory 25-year firearm enhancement, as applied to him, violates the eighth amendment (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). He contends that the mandatory minimum sentence for first degree murder and the mandatory firearm enhancement, which resulted in his mandatory minimum sentence of 45 years' imprisonment, violate the constitutional principles announced in the United States Supreme Court's decisions in *Miller v. Alabama*, 567 U.S. ___, 132 S. Ct. 2455 (2012), *Graham v. Florida*, 560 U.S. 48 (2010), and *Roper v. Simmons*, 543 U.S. 551 (2005).

¶ 8 In June 2014, the trial court dismissed the defendant's *pro se* postconviction petition at the first stage as "frivolous and patently without merit" because, unlike *Miller*, *Graham*, and *Roper*, the defendant did not receive the "harshest possible penalty" of natural life imprisonment. The court also noted that the defendant's sentence did not violate the eighth amendment or the proportionate penalties clause because the sentencing court was able to consider the defendant's "age and other circumstances." This timely appeal followed.

¶ 9 A postconviction proceeding is not an appeal of the underlying judgment; rather, it is a collateral proceeding where the defendant may challenge a conviction or sentence for violations of constitutional rights. *People v. Tate*, 2012 IL 112214, ¶ 8. In a noncapital case, the Act creates a three-stage procedure for postconviction relief. *People v. Harris*, 224 Ill. 2d 115, 125 (2007). At stage one, the trial court, without input from the State, examines the petition to determine whether it is frivolous or patently without merit. 725 ILCS 5/122-2.1 (West 2012). A petition is frivolous or patently without merit only if it has "no arguable basis either in law or in fact." *Tate*, 2012 IL 112214, ¶ 9. This is true if the petition is based on an indisputably meritless legal theory, such as one that is completely contradicted by the record, or a fanciful factual allegation. *People v. Hodges*, 234 Ill. 2d 1, 16-17 (2009). If the petition is frivolous or patently without merit, the trial court must dismiss it. 725 ILCS 5/122-2.1(a)(2) (West 2014). Otherwise, the proceedings move on to the second stage. *Harris*, 224 Ill. 2d at 126. We review *de novo* a trial court's first-stage dismissal of a postconviction petition. *Tate*, 2012 IL 112214, ¶ 10.

¶ 10 The defendant in this case contends that the trial court erred in summarily dismissing his postconviction petition because he claims that his petition stated the gist of a constitutional claim. He argues that the 25-year mandatory firearm enhancement, as applied to a juvenile offender, violates the eighth amendment and the proportionate penalties clause because it deprives the trial court of the opportunity to make an individualized determination in sentencing the defendant by considering his age and culpability. We will address the defendant's eighth amendment and proportionate penalties claims in turn.

¶ 11 The eighth amendment, applicable to the states through the fourteenth amendment (*Kennedy v. Louisiana*, 554 U.S. 407, 419 (2008)), provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const., amend. VIII. The cruel and unusual punishment clause prohibits "inherently barbaric

punishments" as well as punishments that are disproportionate to the offense. *Graham*, 560 U.S. at 59.

¶ 12 In support of his argument that the 25-year mandatory firearm enhancement violates his eighth amendment rights, the defendant cites the United States Supreme Court's decisions in *Miller*, *Roper*, and *Graham*. In *Miller*, 567 U.S. at ___, 132 S. Ct. at 2469, the Supreme Court held that the eighth amendment prohibits a sentencing scheme that mandates life in prison without the possibility of parole for juvenile offenders, including those convicted of homicide. The Court stated that a judge must have the opportunity to look at all of the circumstances involved before determining that life without the possibility of parole is the appropriate penalty. *Id.* at ___, 132 S. Ct. at 2469. In *Roper*, 543 U.S. at 568, the Supreme Court held that the eighth amendment prohibits the death penalty for juvenile offenders. The Court reasoned that the "death penalty is reserved for a narrow category of crimes and offenders" and that "juvenile offenders cannot with reliability be classified among the worst offenders." *Id.* at 569. And, in *Graham*, 560 U.S. at 74, 82, the Court held that the eighth amendment prohibits life sentences for juvenile offenders convicted of nonhomicide offenses. Significantly, however, both our supreme court "and the United States Supreme Court have closely limited the application of the rationale expressed in *Miller*, *Roper*, and *Graham*, invoking it only in the context of the most severe of all criminal penalties." *People v. Patterson*, 2014 IL 115102, ¶ 110.

¶ 13 In *People v. Banks*, 2015 IL App (1st) 130985, a division of this court rejected arguments similar to those made by the defendant in the present case. As in this case, the defendant in *Banks* was a juvenile convicted of first degree murder. *Id.* ¶ 2. And, like the defendant in this case, the defendant in *Banks* argued that the application of the firearm enhancement statute to him was unconstitutional under *Miller*, *Roper*, and *Graham* because it resulted in a mandatory minimum sentence of 45 years' imprisonment. *Id.* ¶ 18. In rejecting this argument, the court explained:

"Unlike those cases, which involved the imposition of the death penalty (*Roper*) and a mandatory life sentence without the possibility of parole (*Graham* and *Miller*) without allowing the trial court any discretion in sentencing, the trial court in the instant case was able to consider defendant's age and culpability in sentencing defendant. The trial court had the discretion to impose a sentence between 45 and 85 years." *Id.* ¶ 19.

¶ 14 Similarly, here, the defendant did not receive the "harshest possible penalty" nor was he subjected to a sentencing scheme which mandated a sentence of life in prison without parole. Instead, unlike in *Miller*, *Roper*, and *Graham*, the defendant in this case negotiated and *agreed* to a 45-year sentence for first degree murder. And, consistent with *Miller*'s requirement that a sentencing authority retain some discretion to consider a juvenile's youth before imposing a severe sentence, the trial judge in this case had discretion to accept the defendant's fully negotiated plea agreement and impose the agreed upon sentence of 45 years' imprisonment. See *People v. Henderson*, 211 Ill. 2d 90, 103 (2004) ("A circuit court may reject a plea in the exercise of sound judicial discretion."); Ill. S. Ct. R. 402(d) (eff. July 1, 1997) (it is within the discretion of the circuit court to approve or reject a defendant's guilty plea). As a consequence, we are not persuaded by the defendant's argument that his rights under the eighth amendment were violated when he pled guilty to first degree murder in exchange for the statutory minimum sentence of 45 years' imprisonment.

¶ 15    In reaching this conclusion, we reject the defendant's reliance on recent changes in Illinois sentencing law. The defendant cites section 5-4.5-105 of the Unified Code of Corrections (Pub. Act 99-69, § 10 (eff. Jan. 1, 2016) (adding 730 ILCS 5/5-4.5-105)), which allows sentencing judges to consider certain factors that distinguish juvenile offenders from adult offenders and to exercise discretion when deciding to impose a statutory 25-years-to-life gun enhancement for juvenile offenders. We note, however, section 5-4.5-105 only applies to offenses committed "on or after the effective date"—*i.e.*, January 1, 2016. See *People v. Hunter*, 2016 IL App (1st) 141904, ¶ 44 (holding that section 5-4.5-105 applies prospectively only). Since the defendant committed the instant offense in August 2001, well before the effective date of section 5-4.5-105, the recent change in Illinois's sentencing law does not apply in this case.

¶ 16    Finally, we note that during the pendency of this appeal, our supreme court decided *People v. Reyes*, 2016 IL 119271, which involved a juvenile that received a mandatory *de facto* life sentence. In *Reyes*, defendant received a legislatively mandated sentence of 97 years, with the earliest opportunity for release after 89 years. *Id.* ¶ 10. Consequently, the 16-year-old defendant would remain in prison until at least the age of 105. *Id.* Accepting the State's concession, the supreme court held that the sentence imposed violated the principles established in *Miller* as the defendant would "most certainly not live long enough to ever become eligible for release." *Id.* In other words, the supreme court found defendant's sentence unconstitutional because the sentencing scheme mandated the sentence, which aggregated to a *de facto* life sentence. We find *Reyes* distinguishable for two reasons. First, we reiterate that the defendant here negotiated and agreed to his sentence. Second, his 45-year sentence does not amount to a *de facto* life sentence, as he will be eligible for release at the age of 62.

¶ 17    Therefore, the mandatory 25-year firearm enhancement, as applied to the defendant's sentence, did not violate his eighth amendment rights.

¶ 18    We next consider whether the mandatory 25-year firearm enhancement, as applied to the defendant, violates the proportionate penalties clause of the Illinois Constitution. That clause provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. To succeed in a proportionate penalties claim, a defendant must show either that the penalty is " 'cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community,' " or that another offense containing the same elements has a different penalty. *People v. Sharpe*, 216 Ill. 2d 481, 487 (2005) (quoting *People v. Moss*, 206 Ill. 2d 503, 522 (2003)).

¶ 19    In *Sharpe*, 216 Ill. 2d at 525, the supreme court upheld the constitutionality of the firearm enhancement statute against a proportionate penalties clause challenge. The court explained:

> "it would not shock the conscience of the community to learn that the legislature has determined that an additional penalty ought to be imposed when murder is committed with a weapon that not only enhances the perpetrator's ability to kill the intended victim, but also increases the risk that grievous harm or death will be inflicted upon bystanders." *Id.*

Thus, our supreme court determined that subjecting defendants guilty of crimes involving firearms to substantial mandatory minimum sentences does not shock the moral sense of the community. See *People v. Pace*, 2015 IL App (1st) 110415, ¶ 141.

¶ 20     Nevertheless, the defendant asserts that his sentence shocked the moral sense of the community because he was 17 years old at the time of the shootings and the 25-year firearm enhancement prevented the trial court from considering the defendant's age and culpability. He cites *People v. Miller*, 202 Ill. 2d 328 (2002), and *People v. Gipson*, 2015 IL App (1st) 122451, for support.

¶ 21     In *Miller*, 202 Ill. 2d at 341, the Illinois Supreme Court held that the juvenile defendant's sentence to life without parole violated the proportionate penalties clause because the sentence "grossly distort[ed] the factual realities of the case and [did] not accurately represent [the] defendant's personal culpability." In so finding, our supreme court determined that, when combined, the automatic transfer statute, the accountability statute, and the multiple murder sentencing statute prevented the trial court from considering the actual facts of the crime—including the defendant's age and culpability at the time of the offense. *Id.* (identifying the defendant as "the least culpable offender imaginable," in that he was 15 years old at the time and agreed to serve as a lookout when approached by two individuals who, within one minute, open fired, killing two people). In *Gipson*, 2015 IL App (1st) 122451, ¶ 75, this court reversed a 52-year prison term of a juvenile defendant convicted of attempted murder, finding the sentence violated the proportionate penalties clause because the sentence failed to consider the defendant's age and mental disorders. The case was remanded with instructions to conduct a retroactive fitness hearing and, in the event the defendant was found fit to stand trial, he should be resentenced without applying the firearm enhancement. *Id.* ¶¶ 38, 69, 78.

¶ 22     We find *Miller* and *Gipson* distinguishable as both cases limited their holdings to the facts of those cases. In this case, unlike *Miller* and *Gipson*, the defendant did not serve as a lookout, merely having one minute to contemplate his actions before the offense. Nor was there any question as to his mental fitness. Rather, the factual basis for the defendant's guilty plea demonstrated that he approached the victim as he was crouched on the ground playing dice and shot at him multiple times before striking and killing him. And, although the defendant's sentence includes a mandatory 25-year firearm enhancement, we note that he negotiated and *agreed* to that sentence. As previously discussed, the trial court exercised its discretion by accepting the defendant's guilty plea and sentencing him to the agreed upon term of 45 years' imprisonment. As such, the defendant's sentence in this case did not violate the proportionate penalties clause of the Illinois Constitution.

¶ 23     Finally, we are not persuaded by the defendant's reliance on an Iowa Supreme Court case finding that all mandatory minimum juvenile sentences are unconstitutional. See *State v. Lyle*, 854 N.W.2d 378, 400 (Iowa 2014). The decisions of foreign courts are not binding on Illinois courts (*People v. Reese*, 2015 IL App (1st) 120654, ¶ 70), and we are required to follow our supreme court precedent, which has interpreted *Miller*, *Roper*, and *Graham* to apply "only in the context of the most severe of all criminal penalties." *Patterson*, 2014 IL 115102, ¶ 110.

¶ 24     Based on the foregoing, we conclude that the defendant's sentence, which included a mandatory 25-year firearm enhancement, did not violate the eighth amendment or the proportionate penalties clause of the Illinois Constitution. Accordingly, the trial court did not err in dismissing his postconviction petition as frivolous and patently without merit.

¶ 25     For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 26     Affirmed.