# Illinois Official Reports

## Appellate Court

---

### *People v. Robinson*, 2018 IL App (3d) 170287

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRANCE ROBINSON, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-17-0287 |
| Filed | December 20, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 00-CF-2095; the Hon. Daniel J. Rozak, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and S. Amanda Ingram, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, David J. Robinson, and Justin A. Nicolosi, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.<br>Justices O'Brien and Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1    The defendant, Terrance Robinson, filed a *pro se* postconviction petition in which he asserted that he had been sentenced in violation of the guidelines set forth in *Miller v. Alabama*, 567 U.S. 460 (2012). The circuit court dismissed the petition as frivolous and patently without merit.

## I. BACKGROUND

¶ 3    In 2001, the defendant was convicted of first degree murder (720 ILCS 5/9-1(a)(3) (West 2000)). The defendant was 15 years old at the time of the offense. Following a three-day sentencing hearing, the circuit court sentenced the defendant to a term of 50 years' imprisonment. In imposing the sentence, the court's only reference to the defendant's age was the following remark: "On the mitigating side there is the defendant's age. He is 15 years old, but just the same his actions caused the death directly of another human being."

¶ 4    On direct appeal, this court affirmed the defendant's conviction and sentence. *People v. Robinson*, 336 Ill. App. 3d 1062 (2003) (table) (unpublished order under Illinois Supreme Court Rule 23). Specifically, this court found that the circuit court's sentence was not excessive.

¶ 5    On June 8, 2016, the defendant filed a *pro se* postconviction petition.[1] In the petition, the defendant asserted that his sentence of 50 years' imprisonment constituted a *de facto* life sentence. Given his status as a juvenile at the time of the offense, the defendant argued that such a sentence violated the eight amendment of the United States Constitution under *Miller*. The circuit court dismissed the petition as frivolous and patently without merit. In the written order dismissing the petition, the court commented: "This court did (and always does) consider youthful age and potential for rehabilitation as mitigation and the record indicates that this court specifically referred to same."

## II. ANALYSIS

¶ 7    On appeal, the defendant argues that his *pro se* postconviction petition stated the gist of a constitutional claim and that the circuit court therefore erred in dismissing the petition at the first stage. We review the circuit court's summary dismissal of the defendant's *pro se* postconviction petition *de novo*. *People v. Brown*, 236 Ill. 2d 175, 184 (2010).

¶ 8    The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2014)) sets out a three-stage proceeding in which a criminal defendant may assert that his conviction resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the first stage, the court must accept as true and liberally construe all of the allegations in the petition unless contradicted by the record. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). A defendant need only allege sufficient facts to state the "gist" of a constitutional claim in order for his petition to be forwarded to the second stage. *Hodges*, 234 Ill. 2d at 9.

---

[1]Though labeled as a successive petition, the filing was the defendant's first postconviction petition and was treated as such by the circuit court.

¶ 9     The first stage of postconviction proceedings "presents a 'low threshold' [citation], requiring only that the petitioner plead sufficient facts to assert an arguably constitutional claim." *Brown*, 236 Ill. 2d at 184 (quoting *People v. Jones*, 211 Ill. 2d 140, 144 (2004)). The circuit court must summarily dismiss a postconviction petition at the first stage of proceedings if the petition is frivolous or patently without merit. *Id.* A petition is frivolous or patently without merit if it "has no arguable basis either in law or in fact." *Hodges*, 234 Ill. 2d at 16. "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.*

¶ 10     In *Miller*, the United States Supreme Court held that a mandatory sentence of life imprisonment without the possibility of parole violates the eighth amendment of the United States Constitution when imposed upon a juvenile offender. *Miller*, 567 U.S. at 470. The Court noted that its holding "mandates only that a sentencer follow a certain process—considering an offender's youth and attendant characteristics—before imposing a particular penalty." *Id.* at 483. Among those attendant circumstances cited by the *Miller* Court were diminished culpability, greater prospects for reform, lack of maturity, underdeveloped sense of responsibility, limited control over their environment, and inability to extricate themselves from crime-producing settings. *Id.* at 471. In *Montgomery v. Louisiana*, 577 U.S. ___, 136 S. Ct. 718 (2016), the Supreme Court held that *Miller* applied retroactively.

¶ 11     In *People v. Reyes*, 2016 IL 119271, ¶ 9 (*per curiam*), the Illinois Supreme Court expanded the reasoning of *Miller* to include mandatory *de facto* life sentences. The court reasoned:

> "A mandatory term-of-years sentence that cannot be served in one lifetime has the same practical effect on a juvenile defendant's life as would an actual mandatory sentence of life without parole—in either situation, the juvenile will die in prison. *Miller* makes clear that a juvenile may not be sentenced to a mandatory, unsurvivable prison term without first considering in mitigation his youth, immaturity, and potential for rehabilitation." *Id.*

One year later, in *People v. Holman*, 2017 IL 120655, ¶ 40, the court held that the reasoning in *Miller* applied whether the life sentence imposed was mandatory or discretionary. In other words, any life sentence imposed upon a juvenile—whether *de facto* or *de jure*, mandatory or discretionary—is "disproportionate and violate[s] the eight amendment, unless the trial court considers youth and its attendant circumstances." *Id.* Thus, to prevail on a *Miller*-based claim and be subject to resentencing, a defendant sentenced for an offense committed while a juvenile must show that (1) he was subject to a life sentence and (2) the sentencing court failed to consider youth and its attendant circumstances in imposing the sentence.

¶ 12     The defendant argues on appeal that his is a *de facto* life sentence. Pursuant to that sentence, the defendant is scheduled to be released from prison on September 17, 2051, approximately a month prior to his sixty-sixth birthday. In making this argument, the defendant relies in part on data cited approvingly in *People v. Sanders*, 2016 IL App (1st) 121732-B, ¶ 26, and *People v. Buffer*, 2017 IL App (1st) 142931, ¶ 59, which suggests the average life expectancy in the prison population is 64 years. The defendant also cites to a number of cases in which courts have determined similar sentences to be *de facto* life sentences for juveniles. *Buffer*, 2017 IL App (1st) 142931, ¶ 62 (50-year sentence); *People v.*

*Ortiz*, 2016 IL App (1st) 133294, ¶ 24 (60 years); *Bear Cloud v. State*, 2014 WY 113, ¶ 11, 334 P.3d 132 (Wyo. 2014) (45 years).[2]

¶ 13    The State insists that the defendant, as well as the above-cited authorities, go too far in defining the term "*de facto* life sentence." Pointing out that the *Reyes* court defined a *de facto* life sentence as one "that cannot be served in one lifetime," (*Reyes*, 2016 IL 119271, ¶ 9), the State asserts that sentences such as that imposed upon the defendant here, where a reasonable possibility exists that the defendant will be released from prison, should not be considered *de facto* life sentences. The State, in turn, cites a number of cases in which courts have determined that sentences similar to the defendant's were *not de facto* life sentences. *People v. Rodriguez*, 2018 IL App (1st) 141379-B, ¶ 7 (50 years); *People v. Applewhite*, 2016 IL App (1st) 142330, ¶ 16 (45 years); *People v. Perez*, 2018 IL App (1st) 153629, ¶ 38 (53 years); *People v. Pearson*, 2018 IL App (1st) 142819, ¶ 49 (50 years).

¶ 14    Importantly, this appeal does not call on us to determine the precise point at which a sentence becomes a *de facto* life sentence or which side of that line the defendant's sentence falls on. Instead, we must only determine whether the defendant's *Miller* claim, as stated in his postconviction petition, has an "arguable basis either in law or in fact." *Hodges*, 234 Ill. 2d at 16. Given the apparent disagreement between numerous courts, as well as the intrinsically difficult nature of such a question, it is clearly at least *arguable* that the defendant's 50-year sentence amounts to a *de facto* life sentence.

¶ 15    Next, we must consider whether the circuit court arguably failed to consider the defendant's youth and the attendant circumstances of that youth, in fashioning its sentence. See *Holman*, 2017 IL 120655, ¶ 40. The circuit court referenced the defendant's youth once at sentencing, when it commented: "He is 15 years old, but just the same his actions caused the death directly of another human being." The State asserts that this comment satisfies *Miller* and *Holman* but concedes that "the trial court's analysis of the impact of defendant's youth as it relates to his culpability and sentence was not as thorough as mandated by *Miller*."[3]

¶ 16    The extreme brevity with which the circuit court addressed the defendant's youth at sentencing stands in stark contrast with the detailed approach to addressing youth and attendant circumstances seen in *Miller*. *Miller*, 567 U.S. at 470. As with the portion of our analysis, we need not determine whether the circuit court's comments were sufficient or insufficient under *Miller*. Instead, we simply find that it is arguable that the court's brief comment was an insufficient consideration of youth and its attendant circumstances. Because the defendant's postconviction petition set forth an arguable basis in law and fact for his *Miller* claim, we reverse the circuit court's summary dismissal of that petition and remand so that the matter may be docketed for second-stage proceedings.

---

[2]While *Bear Cloud*, as an out-of-jurisdiction case, is merely persuasive authority, it was cited approvingly by our supreme court in *Reyes*, 2016 IL 119271, ¶ 9.

[3]The State contends that the circuit court only failed to be more thorough because it imposed the sentence before *Miller* was decided. While this is no doubt true, it is of no legal import because *Miller* applies retroactively. *Montgomery*, 577 U.S. ___, 136 S. Ct. 718.

¶ 17                                    III. CONCLUSION

¶ 18        The judgment of the circuit court of Will County is reversed and the matter is remanded for
further proceedings.

¶ 19        Reversed and remanded.