809 N.E.2d 1233 (2004)
211 Ill.2d 140
284 Ill.Dec. 287
The PEOPLE of the State of Illinois, Appellee,
v.
Lee JONES, Appellant.
No. 95576.
Supreme Court of Illinois.
March 18, 2004.
As Modified Upon Denial of Rehearing May 24, 2004.
*1235 James K. Leven, Chicago, for appellant.
Lisa Madigan, Attorney General, Springfield, and Richard A. Devine, State's Attorney, Chicago (Linda D. Woloshin, Assistant Attorney General, Chicago, and Renee Goldfarb, William D. Carroll and Manny Magence, Assistant State's Attorneys, of counsel), for the People.
Justice RARICK delivered the opinion of the court:
This case presents the question of whether waiver applies to issues raised for the first time on appeal from the dismissal, at the first stage of proceedings, of a petition filed under the Post-Conviction Hearing Act (725 ILCS 5/122-1 et seq. (West 1998)). Following simultaneous but severed trials in the circuit court of Cook County, defendant, Lee Jones, and a codefendant not involved in this appeal, Leroy Anderson, were found guilty of first degree murder and armed robbery. The circuit court sentenced defendant to a 35-year term of imprisonment for first degree murder and a concurrent 30-year term for armed robbery. On direct appeal, the appellate court reversed defendant's convictions and remanded the cause, finding the trial court had erred in failing to give defendant a fitness hearing to determine if she was mentally fit to stand trial. People v. Anderson and Jones, Nos. 1-94-1151,1-94-1334 cons., 282 Ill.App.3d 1099, 236 Ill. Dec. 448, 707 N.E.2d 293 (1996) (unpublished order under Supreme Court Rule 23) (Jones I).
On remand, defendant was found fit to stand trial following a hearing. She then pleaded guilty and was sentenced to consecutive terms of 22 years' imprisonment for first degree murder and 8 years' imprisonment for armed robbery. After the trial court denied defendant's motion to withdraw her guilty plea, she again appealed and her convictions and sentences were affirmed. People v. Jones, No. 1-98-0729, 303 Ill.App.3d 1099, 254 Ill.Dec. 694, 747 N.E.2d 1106 (1999) (unpublished order under Supreme Court Rule 23) (Jones II).
In December 1999, defendant filed a pro se postconviction petition arguing that she was not admonished regarding the possibility of consecutive sentencing by either the trial court or trial counsel, resulting in a deprivation of due process and effective assistance of counsel. Defendant's petition was summarily dismissed as frivolous and *1236 patently without merit by the trial court pursuant to section 122-2.1(a)(2) of the Act (725 ILCS 5/122-2.1(a)(2) (West 1998)). Defendant appealed, contending for the first time that: (1) she had received ineffective assistance of prior appellate counsel in both Jones I and Jones II, because neither counsel had argued that a retrial was barred by principles of double jeopardy; and (2) her conviction and sentence for armed robbery should be vacated because of the one-act, one-crime rule and because armed robbery was a lesser-included offense of felony murder. The appellate court held that defendant's newly raised claims were deemed waived under section 122-3 of the Act (725. ILCS 5/122-3. (West 1998)), and affirmed the dismissal of defendant's postconviction petition. No. 1-00-0367 (unpublished order under Supreme Court Rule 23) (Jones II). We granted defendant leave to appeal (177 Ill.2d R. 315(a)), and now affirm the appellate court.
The Post-Conviction Hearing Act provides a method by which a defendant may challenge his conviction or sentence for violations of federal or state constitutional rights. People v. McNeal, 194 Ill.2d 135, 140, 252 Ill.Dec. 19, 742 N.E.2d 269 (2000); People v. Tenner, 175 Ill.2d 372, 377, 222 Ill.Dec. 325, 677 N.E.2d 859 (1997).
"An action for post-conviction relief is a collateral proceeding, not an appeal from the earlier judgment. People v. Williams, 186 Ill.2d 55, 62, 237 Ill.Dec. 112, 708 N.E.2d 1152 (1999). To be entitled to post-conviction relief, a defendant must demonstrate a substantial deprivation of federal or state constitutional rights in the proceedings that produced the conviction or sentence being challenged. People v. Morgan, 187 Ill.2d 500, 528, 241 Ill.Dec. 552, 719 N.E.2d 681 (1999). Considerations of res judicata and waiver limit the scope of post-conviction relief `to constitutional matters which have not been, and could not have been, previously adjudicated.' People v. Winsett, 153 Ill.2d 335, 346, 180 Ill.Dec. 109, 606 N.E.2d 1186 (1992). "McNeal, 194 Ill.2d at 140, 252 Ill.Dec. 19, 742 N.E.2d 269.
In cases where the death penalty is not involved, adjudication of a postconviction petition follows a three-stage process. People v. Gaultney, 174 Ill.2d 410, 418, 221 Ill.Dec. 195,' 675 N.E.2d 102 (1996). The instant case was before the circuit court at the first stage of this process, during which the court is required to review the petition within 90 days of its filing and determine whether it is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 1998). The circuit court's review at this first stage is independent, as the Act does not permit any further pleadings from the defendant, or any motions, responsive pleadings, or other input from the State. Gaultney, 174 Ill.2d at 418, 221 Ill.Dec. 195, 1575 N.E.2d 102. To survive first-stage dismissal, a pro se petitioner need only present the "gist" of a constitutional claim, which is a "low threshold" requiring only a limited amount of detail in the petition. Gaultney, 174 Ill.2d at 418, 221 Ill.Dec. 195, 675 N.E.2d 102; People v. Edwards, 197 Ill.2d 239, 244, 245, 258 Ill.Dec. 753, 757 N.E.2d 442 (2001). However, under section 122-2 of the Act, the petition must "clearly set forth the respects in which petitioner's constitutional rights were violated." 725 ILCS 5/122-2 (West 1998).
In People v. De La Paz, 204 Ill.2d 426, 274 Ill.Dec. 397, 791 N.E.2d 489 (2003), this court recently examined whether a defendant had waived review of an issue which he had failed to present in his postconviction petition. In De La, Paz, the circuit court had dismissed the defendant's petition upon the State's motion at the *1237 second stage of proceedings, the appellate court affirmed the dismissal, and we granted the defendant leave to appeal. Initially, we noted that "[j]ust as the legislature has set forth what must be contained in a petition, it has specified the consequences of omitting a claim: `[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived.' 725 ILCS 5/122-3 (West 1994)." De La Paz, 204 Ill.2d at 432, 274 Ill.Dec. 397, 791 N.E.2d 489.
However, this court has long recognized that we may, in appropriate cases, reach issues notwithstanding their waiver, and we may assume that the legislature understood this fact when it enacted section 122-3. De La Paz, 204 Ill.2d at 432, 433, 274 Ill.Dec. 397, 791 N.E.2d 489; see also 725 ILCS 5/122-7 (West 1998) (any final judgment entered upon a postconviction petition shall be reviewed in a manner pursuant to the rules of the supreme court); 134 Ill.2d R. 615(a) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court"). Further, this court has the responsibility for a just result and for the maintenance of a sound and uniform body of precedent which may sometimes "`override the considerations of waiver that stem from the adversary character of our system.'" De La Paz, 204 Ill.2d at 432-33, 274 Ill.Dec. 397, 791 N.E.2d 489, quoting Hux v. Raben, 38 Ill.2d 223, 225, 230 N.E.2d 831 (1967).
In view of the principles noted above, this court, in De La Paz, addressed the defendant's waived postconviction issue on the merits because it concerned the retroactive application of the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), an important question upon which our appellate court was divided and the waiver of which the State had chosen not to argue. De La Paz, 204 Ill.2d at 433, 435, 274 Ill.Dec. 397, 791 N.E.2d 489. However, unlike in De La Paz, the waived issues raised by defendant in the present case do not involve our authority and duty to resolve conflicts or our responsibility to maintain a uniform body of precedent. Therefore, while defendant urges this court to address these issues on the merits, where we find no authoritative duty or responsibility which would "override the considerations of waiver," we decline to do so. Further, unlike in People v. Thompson, 209 Ill.2d 19, 282 Ill.Dec. 183, 805 N.E.2d 1200 (2004), wherein we recently held that an attack on a void judgment may be made at any time or in any court, either directly or collaterally, and that courts have an independent duty to vacate void orders, here, the record on appeal clearly shows that no action is necessary because no void judgment was entered. Rather, defendant pleaded guilty to the separate offenses of armed robbery (720 ILCS 5/18-2 (West 1998)) and intentional first degree murder (720 ILCS 5/9-1(a)(2) (West 1998)), making dual convictions appropriate (People v. Scott, 148 Ill.2d 479, 562-63, 171 Ill.Dec. 365, 594 N.E.2d 217 (1992)), and making the consecutive sentence for the Class X armed robbery conviction mandatory under section 5-8-4(a) of the Unified Code of Corrections (730 ILCS 5/5-8-4(a) (West 1998); People v. Arna, 168 Ill.2d 107, 112, 212 Ill.Dec. 963, 658 N.E.2d 445 (1995)).
We are alternatively asked by defendant to reverse the appellate court's finding of waiver of her newly raised issues, in light of the fact that defendant's petition was on appeal from its summary dismissal at the first stage of postconviction proceedings. Here, the appellate court, citing People v. McNeal, 194 Ill.2d 135, 147, 252 Ill.Dec. 19, 742 N.E.2d 269 (2000), noted that a defendant *1238 is generally precluded from adding an issue while the matter is on review, because section 122-3 of the Act provides that any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived. Further, defendant's failure to raise her ineffective assistance of appellate counsel claims was not excused, because the attorneys who represented her in those direct appeals did not represent her at the initial stage of postconviction proceedings. Jones III, citing People v. Erickson, 183 Ill.2d 213, 223, 233 Ill.Dec. 319, 700 N.E.2d 1027 (1998) (failure to raise a claim of ineffective assistance of appellate counsel in an initial postconviction petition will not operate as a waiver if the defendant was represented by the same attorney on direct appeal and in his initial postconviction proceeding). Finally, the appellate court held that no review was available because defendant's claims did not fall within the "fundamental fairness" exception outlined in People v. Davis, 156 Ill.2d 149, 153-60, 189 Ill.Dec. 49, 619 N.E.2d 750 (1993), and the appellate court did not possess this court's supervisory authority to recognize procedurally defaulted claims.
Defendant argues before this court that McNeal and Davis are distinguishable because they both involved postconviction petitions that had advanced beyond the first-stage of proceedings. Specifically, she contends that while section 122-3 of the Act provides that waiver applies to claims not raised "in the original or an amended petition,"' because amendments are not authorized during the first stage of proceedings, allowing waiver to apply following a first-stage dismissal would render the "or an amended" language superfluous. See Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund, 155 Ill.2d, 103, 111, 183 Ill.Dec. 6, 610 N.E.2d 1250 (1993) (a statute must be read as a whole and no word or paragraph should be interpreted so as to be rendered meaningless). However, statutory wording must be given its plain and ordinary meaning, and language which is "clear and unambiguous" will be applied without resort to further aids of statutory construction. People v. O'Brien, 197 Ill.2d 88, 90-91, 257 Ill.Dec. 669, 754 N.E.2d 327 (2001). Here, we agree with the State that the language of section 122-3 is "clearly and unambiguously" written in the disjunctive, rather than the conjunctive. Thus, the section's plain and ordinary meaning refutes defendant's assertion that its, application is limited to instances in which the waived claim was left out of both an original and an amended petition for postconviction relief.
Defendant further contends that principles of due process and fundamental fairness require that waiver of her newly raised issues be excused on appeal, because her petition was dismissed at the first stage of proceedings and she was therefore not appointed counsel to examine the record and amend her petition. However, this court, in People v. Porter, 122 Ill.2d 64, 74 76, 118 Ill.Dec. 465, 521 N.E.2d 1158 (1988), held that neither fundamental fairness nor due process considerations require that counsel be appointed for postconviction petitioners at the initial pleading stage. Rather, the Act makes no provision for the appointment of counsel until after the circuit court's threshold determination has been made to allow proceedings to go forward. Davis, 156 Ill.2d at 163, 189 Ill.Dec. 49, 619 N.E.2d 750. Further, as earlier mentioned, at the initial stage of postconviction proceedings, a defendant need only present the "gist" of a constitutional claim in order to survive summary dismissal and preserve the matter for review. See Gaultney, 174 Ill.2d at 418, 221 Ill.Dec. 195, 675 N.E.2d 102.
*1239 As this court stated in People v. Coleman, 183 Ill.2d 366, 388, 233 Ill.Dec. 789, 701 N.E.2d 1063 (1998), "[t]he question raised in an appeal from an order dismissing a post-conviction petition is whether the allegations in the petition, liberally construed and taken as true, are sufficient to invoke relief under the Act." (Emphasis added.) Thus, any issues to be reviewed must be presented in the petition filed in the circuit court. See 725 ILCS 5/122-1(b) (West 1998); McNeal, 194 Ill.2d at 148-49, 252 Ill.Dec. 19, 742 N.E.2d 269; Davis, 156 Ill.2d at 159, 189 Ill.Dec. 49, 619 N.E.2d 750. We therefore agree with the appellate court that, under McNeal and Davis, a defendant may not raise an issue for the first time while the matter is on review.
However, this holding does not leave a postconviction petitioner such as defendant entirely without recourse. A defendant who fails to include an issue in his original or amended postconviction petition, although precluded from raising the issue on appeal from the petition's dismissal, may raise the issue in a successive petition if he can meet the strictures of the "cause and prejudice test." See People v. Orange, 195 Ill.2d 437, 449, 255 Ill.Dec. 450, 749 N.E.2d 932 (2001); People v. Pitsonbarger, 205 Ill.2d 444, 459, 275 Ill.Dec. 838, 793 N.E.2d 609 (2002) ("the cause-and-prejudice test is the analytical tool that is to be used to determine whether fundamental fairness requires that an exception be made to section 122-3 so that a claim raised in a successive petition may be considered on its merits"). Under this test, the defendant must demonstrate "cause" for failing to raise the error in prior proceedings and actual "prejudice" resulting from the claimed error. Orange, 195 Ill.2d at 449, 255 Ill.Dec. 450, 749 N.E.2d 932.
As this court reasoned in Pitsonbarger:
"Section 122-3 of the Act does not forbid the filing of a successive petition. Rather, it provides that `[a]ny claim' not raised in the original or an amended petition is waived. [Citation.] Thus, the fundamental fairness exception applies to claims, not to petitions, and the cause-and-prejudice test must be applied to individual claims, not to the petition as a whole. [Citation.]" Pitsonbarger, 205 Ill.2d at 462, 275 Ill.Dec. 838, 793 N.E.2d 609.
See also People v. Britt-El, 206 Ill.2d 331, 338-39, 276 Ill.Dec. 309, 794 N.E.2d 204 (2002) (where defendant provided no reason why certain claims raised in his second postconviction petition could not have been included in his first petition, the additional claims were waived).
Thus, in the instant case, the appellate court did not err in restricting itself to a review of the propriety of the trial court's dismissal of the claims advanced in defendant's petition, and in declining to address defendant's newly raised issues. Rather, absent an overriding concern such as was present before this court in De La Paz, the mechanism for defendants to assert waived claims when fundamental fairness so requires is the successive postconviction petition. See Pitsonbarger, 205 Ill.2d at 458-59, 275 Ill.Dec. 838, 793 N.E.2d 609; De La Paz, 204 Ill.2d at 452 n. 4, 274 Ill.Dec. 397, 791 N.E.2d 489 (Thomas, J., specially concurring). We therefore hold that defendant's contentions of constitutional error, not raised in her original petition, were forfeited on appeal from the circuit court's first-stage dismissal of the petition. Defendant is free, however, to file a successive postconviction petition in the circuit court in accordance with the guidelines established in People v. Pitsonbarger.
For the foregoing reasons, we affirm the judgment of the appellate court, which affirmed *1240 the circuit court's dismissal of defendant's postconviction petition.
Affirmed.