CHIEF JUSTICE THOMAS, dissenting: The majority’s decision permitting a postconviction claim for monetary credit under section 110 — 14 contradicts the plain language of the Post-Conviction Hearing Act, this court’s decisions construing that Act, and this court’s decisions defining the scope of postconviction appeals. Accordingly, I am compelled to dissent. The majority’s analysis runs as follows. Section 110 — 14 of the Code of Criminal Procedure of 1963 creates a statutory right to a per diem monetary credit “upon application of the defendant.” However, “ ‘[s]action 110 — 14 is silent concerning any time frame or procedural stage during which such application either must or can be made.’ ” 228 Ill. 2d at 87-88, quoting People v. Woodard, 175 Ill. 2d 435, 444 (1997). Consequently, a section 110 — 14 claim “may be raised at any time and at any stage of court proceedings, even on appeal in a postconviction proceeding.” 228 Ill. 2d at 88. The problem with this analysis is that, while section 110 — 14 may be silent as to whether monetary credit claims may be raised for the first time in a postconviction proceeding, the Post-Conviction Hearing Act is not, and neither is this court’s jurisprudence construing the Act. Indeed, both the Act and the settled case law provide numerous bases for barring the adjudication of defendant’s “purely statutory” (228 Ill. 2d at 87) claim in this context. First, defendant’s claim falls well outside the narrow class of claims authorized by the Post-Conviction Hearing Act. Under the Act, the only types of claims that may be asserted in a postconviction proceeding are those asserting “a substantial denial of *** rights under the Constitution of the United States or of the State of Illinois.” 725 ILCS 5/122 — 1(a)(1) (West 2006). Defendant’s claim for monetary credit under section 110 — 14 has no constitutional component whatsoever. Second, defendant’s claim falls outside the class of claims over which postconviction courts possess the jurisdiction to adjudicate. This court has explained that “[sjection 122 — 1 of the Post-Conviction Hearing Act is jurisdictional in nature and limits the subject matter reviewable under that Act.” (Emphases added.) People v. Ferree, 40 Ill. 2d 483, 484 (1968). Accordingly, “jurisdiction in post-conviction proceedings is limited to situations in which ‘a substantial denial of rights under the Constitution of the United States or of the State of Illinois’ is alleged.” People v. Owens, 34 Ill. 2d 149, 150 (1966), quoting Ill. Rev. Stat. 1963, ch. 38, par. 122 — 1; see also People v. Ward, 48 Ill. 2d 117, 120 (1971). Stated differently, postconviction courts lack the jurisdiction to adjudicate purely statutory claims. See, e.g., Owens, 34 Ill. 2d at 150-51 (trial court lacked jurisdiction over post-conviction claim that “derived wholly from *** statute”). Here, the majority acknowledges that a claim for monetary credit under section 110 — 14 is “purely statutory.” 228 Ill. 2d at 87. Nevertheless, it goes on to hold that, in the “interests of an orderly administration of justice,” such claims may be raised and adjudicated for the first time in a postconviction proceeding. 228 Ill. 2d at 88. The majority nowhere reconciles this holding with the aforementioned cases, and neither does it explain how the “interests of an orderly administration of justice” will be served by the adjudication of legal claims in the absence of subject matter jurisdiction. Third, defendant’s claim falls squarely within a class of cases that this court has expressly identified as inappropriate for postconviction consideration. In People v. Mitchell, 189 Ill. 2d 312, 329 (2000), this court held that “[statutes do not confer constitutional rights, and the allegation of a deprivation of a statutory right is not a proper claim under the Act.” See also Owens, 34 Ill. 2d at 150-51. Here, defendant is asserting a claim for monetary credit under section 110 — 14, which the majority concedes is a “purely statutory” claim. 228 Ill. 2d at 87. Fourth, even if defendant’s claim were of the type permitted by the Act and over which postconviction courts possessed jurisdiction, it nevertheless would be barred by the forfeiture doctrine. As this court has frequently explained, “[a] petition for post-conviction relief is not an appeal of the underlying judgment; rather, it is a collateral proceeding.” People v. Johnson, 206 Ill. 2d 348, 356 (2002). As such, a postconviction proceeding allows inquiry only into issues “that were not, and could not have been, adjudicated on direct appeal.” (Emphasis added.) Johnson, 206 Ill. 2d at 356. Here, defendant is asserting a statutory right explicitly set forth in the pretrial portion of the Code of Criminal Procedure, and all of the facts necessary to assert that right were available to him on direct appeal. Consequently, even if a section 110 — 14 claim could be asserted and adjudicated in a postconviction proceeding, defendant would have forfeited any such claim in this case. Fifth, defendant’s assertion of this claim for the first time on appeal from the dismissal of his postconviction petition is expressly barred by this court’s decision in People v. Jones, 211 Ill. 2d 140 (2004). In that case, we held that “a [postconviction] defendant may not raise an issue for the first time while the matter is on review” and that “any issues to be reviewed must be presented in the petition filed in the circuit court.” (Emphasis added.) Jones, 211 Ill. 2d at 148. This holding is categorical and contains no exceptions. Here, defendant’s claim for monetary credit under section 110 — 14 was not presented in the petition filed in the circuit court. Consequently, defendant could not raise it for the first time on appeal from the dismissal of that petition. In sum, then, to permit the adjudication of defendant’s “purely statutory” claim in this case, the majority dispenses not only with the plain language of the Post-Conviction Hearing Act, but also with a good portion of this court’s case law construing the Act. Were this the only means of affording a remedy to persons in defendant’s position, I might understand the majority’s willingness to go to such lengths. But this is hardly the case. On the contrary, defendants who are entitled to a claim for monetary credit under section 110 — 14 have a host of opportunities to obtain that credit, even at the postconviction stage. Obviously, a defendant may apply for the credit at the time of trial. Moreover, a defendant may apply for the credit for the first time on direct appeal. See Woodard, 175 Ill. 2d at 457-58. And if the direct appeal comes and goes without application having been made, defendants still have a postconviction remedy, provided it is properly pled. As discussed above, nothing in either the Act or this court’s postconviction jurisprudence permits the adjudication of a purely statutory claim in the course of a postconviction proceeding. However, nothing precludes a defendant from fashioning an ineffective assistance claim under Strickland v. Washington, 466 U.S. 668, 686, 80 L. Ed. 2d 674, 692, 104 S. Ct. 2052, 2063-64 (1984), based upon counsel’s failure to apply for the credit. And unlike a direct assertion of the statutory right, ineffective assistance of counsel is a textbook post-conviction claim. What’s more, a postconviction Strickland claim in this context is virtually guaranteed to succeed. “The statutory right to a per diem credit found in section 110 — 14 *** is in the nature of a mandatory right subject to assertion by a defendant.” Woodard, 175 Ill. 2d at 453. In other words, for eligible defendants, the monetary credit is available for the asking, there is no conceivable strategic basis for not requesting it, and the resulting prejudice is a matter of simple arithmetic. Defendants will obtain their relief, and the integrity of the Post-Conviction Hearing Act is preserved. For these reasons, I respectfully dissent from the majority’s decision. JUSTICES FREEMAN and BURKE join in this dissent.