NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200621-U

NO. 4-20-0621

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 23, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| JIMMY TILLEY, | ) | No. 09CF39 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

_____

JUSTICE TURNER delivered the judgment of the court.
Presiding Justice Knecht and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The trial court's dismissal of defendant's amended postconviction petition during
the second stage of proceedings under the Post-Conviction Hearing Act is
affirmed because the arguments defendant raised in his appellant's brief were not
included in the amended petition dismissed by the trial court.  Further,
defendant's argument his appointed postconviction counsel did not comply with
Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) is forfeited pursuant to
Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) because the issue was
not raised in his initial brief to this court.

¶ 2         On December 10, 2020, the trial court granted the State's motion to dismiss

defendant's amended postconviction petition during the second stage of proceedings under the

Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)).  Defendant appeals,

arguing the trial court erred in granting the State's motion to dismiss because defendant made a

substantial showing his appellate counsel in his direct appeal was ineffective (1) for failing to

argue the trial court erred by refusing to consider the objective of restoring defendant to useful

citizenship, a constitutionally mandated objective, when it sentenced defendant and (2) for failing to argue defendant's sentence was excessive. We affirm.

¶ 3                                     I. BACKGROUND

¶ 4        In August 2009, defendant was found guilty of participating in the production of 100 grams or more but less than 400 grams of a substance containing methamphetamine (720 ILCS 646/15(a)(2)(C) (West 2008)). In December 2009, the trial court sentenced defendant to 24 years in prison and 3 years of mandatory supervised release. On direct appeal, defendant argued he was entitled to receive $1630 in presentence credit against his drug assessment. See *People v. Tilley*, No. 4-10-0586 (Jan. 27, 2012) (unpublished summary order under Illinois Supreme Court Rule 23(c)(2)).

¶ 5        In April 2012, defendant filed a *pro se* petition for postconviction relief pursuant to the Act. *People v. Tilley*, 2013 IL App (4th) 120606-U, ¶ 15. Defendant alleged his trial counsel provided ineffective assistance (1) by not arguing defendant's sentence was unconstitutionally disproportionate to the severity of his offense and (2) for failing to contact Dr. Swink and use Dr. Swink's affidavit and an affidavit from a local pharmacist as evidence in mitigation that defendant had a drug addiction and sought treatment. Defendant also argued his direct appeal appellate counsel was ineffective for not raising these issues. *Tilley*, 2013 IL App (4th) 120606-U, ¶ 15. Defendant claimed he did not attach affidavits to his petition because he had given them to his attorney and did not have access to the attorney's file. *Tilley*, 2013 IL App (4th) 120606-U, ¶ 15. The trial court summarily dismissed defendant's petition, finding the petition frivolous and patently without merit. *Tilley*, 2013 IL App (4th) 120606-U, ¶ 16.

¶ 6        Defendant appealed the trial court's summary dismissal, arguing he alleged the gist of a constitutional claim his trial counsel was ineffective for not presenting mitigating

evidence at sentencing and appellate counsel was ineffective for not arguing his 24-year prison sentence was excessive. The State conceded defendant raised an arguably meritorious claim his counsel was ineffective based on counsel's failure to present certain mitigating evidence at defendant's sentencing hearing. *Tilley*, 2013 IL App (4th) 120606-U, ¶ 18. This court held:

> "[D]efendant's postconviction petition raised an arguably meritorious claim of ineffective assistance of counsel. At sentencing, the trial court found no factors in mitigation. However, it is arguable that evidence regarding the circumstances of defendant's drug addiction and his prior attempts to treat it may have placed his background and recent offenses in a better light. [Citation.] Thus, the court erred in summarily dismissing defendant's postconviction petition." *Tilley*, 2013 IL App (4th) 120606-U, ¶ 23.

According to this court, "As defendant's claim of ineffective assistance of trial counsel was not subject to dismissal at the first stage, the petition in its entirety must be docketed for second stage proceedings." As a result, this court did not discuss the merits of defendant's remaining claims before remanding the case for second-stage proceedings. *Tilley*, 2013 IL App (4th) 120606-U, ¶ 24.

¶ 7        On remand, counsel was appointed to represent defendant with regard to his postconviction petition. On July 19, 2017, defendant's appointed counsel filed an amended postconviction petition alleging defendant's trial counsel was ineffective for failing to file a motion to preserve the drug evidence, stipulating to the weight of the evidence, failing to challenge defendant's sentence as disproportionate to the offense, and presenting no mitigating evidence to explain defendant became a drug addict after he was in an accident and prescribed pain killers.

¶ 8        On January 25, 2018, the trial court granted the State's motion to dismiss defendant's amended petition. Defendant appealed the second-stage dismissal. On appeal, the State conceded defendant's appointed counsel failed to comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). This court accepted the concession and vacated the trial court's order dismissing defendant's amended postconviction petition because defendant's appointed counsel failed to comply with Rule 651(c) and remanded the case for further second-stage postconviction proceedings. *People v. Tilley*, 2019 IL App (4th) 180141-U, ¶ 2. This court noted:

> "We *** agree with the State's suggestion with regard to appointed counsel and order the trial court on remand to appoint new counsel to represent defendant. We note defendant's substantive arguments on appeal are not based on the amended petition filed by defendant's appointed counsel but instead are based on defendant's *pro se* postconviction petition. While we make no determination on the merits of defendant's claims in his *pro se* postconviction petition, the fact his appellate counsel relies on defendant's *pro se* petition instead of the amended petition filed by appointed counsel in the trial court supports appointing new counsel for defendant on remand in this case." *Tilley*, 2019 IL App (4th) 180141-U, ¶ 16

¶ 9        On August 11, 2020, new postconviction counsel filed an amended postconviction petition which alleged defendant's trial counsel was ineffective because trial counsel did not provide to the trial court at sentencing "a letter from petitioner's treating physician, Dr. Travis Swink, as well as a list of medications petitioner had been using, which was signed by the pharmacist, to show the progression of petitioner's drug addiction and that the lack of help lead him to manufacture the methamphetamine for his own personal use." The amended petition

noted "[t]he only piece of evidence in mitigation presented to the court was a letter from petitioner's pastor." Further, "[t]he only argument trial counsel made on petitioner's behalf was that petitioner had a substance abuse problem and that the evidence was that he manufactured the methamphetamine for his personal use." By not introducing this mitigating evidence, which defendant provided to his trial counsel, trial counsel's performance fell below an objective standard of reasonableness and defendant was prejudiced

> "because the court did not get to hear the lengths petitioner went to to try and combat his addiction lawfully prior to turning to manufacturing his own way of coping by making methamphetamine. Had the trial court had these additional pieces of information, it is likely the sentences would have been less stringent."

Finally, the amended petition alleged defendant's direct appeal counsel was also ineffective, stating:

> "Appellate counsel did not raise the issue of ineffective assistance of trial counsel in petitioner's appeal. *** Had appellate counsel done so, the appellate court would have likely found ineffective assistance of counsel and remanded the case for a new trial. For those reasons, appellate counsel was ineffective."

¶ 10        Defendant's appointed postconviction counsel also filed a Rule 651(c) certificate on August 11, 2020. The certificate noted appointed counsel (1) consulted with defendant on multiple occasions; (2) examined the record of proceedings at the status/pretrial proceedings, trial, and the sentencing hearing; (3) attempted to (a) make contact with Dr. Swink on several occasions, (b) locate petitioner's prescription drug lists, and (c) obtain defendant's medical records; and (4) had "made amendments to the *pro se* petition necessary for adequate presentation of [defendant's] contentions."

¶ 11      On December 3, 2020, the State filed a motion to dismiss defendant's amended petition for postconviction relief, arguing defendant's claim his counsel was ineffective for not presenting the letter from Dr. Swink and his list of medications did not make a substantial showing his trial counsel was ineffective.  The Stated argued:

"This information would not have added anything to the information already contained in the presentence investigation.  The pre-sentence investigation contained numerous sections detailing the very argument the petitioner now makes that 'the path petitioner took to try and lawfully combat his addition and why petitioner ultimately lost the battle and turned to manufacturing methamphetamine to get his highs'.  In reviewing the pre-sentence investigation filed December 22, 2009, several sections such as 'circumstances of offense', 'defendant's version/attitude', 'health-physical/mental', and 'substance use/abuse information' all contain facts alleging this same argument.  The Court was well apprised of both the petitioner's history with drugs, reasons for taking those drugs, and the progression of his use of drugs, in addition to medications he was taking and which doctor prescribed the medications.  Counsel was not ineffective for failing to present a letter from that doctor and a list of medications because the PSI already made the Court aware of these facts.  Trial counsel argued at sentencing that petitioner had a substance abuse problem and was manufacturing methamphetamine for personal use.  The Court was keenly aware of the evidence at issue from trial and sentencing, and the Court heard argument on those issues at trial and sentencing."

The State also noted defendant's argument failed to show prejudice.  Further, the State argued

defendant's counsel on direct appeal was not ineffective because the underlying issue had no merit as discussed above.

¶ 12        On December 10, 2020, after hearing arguments from the parties, the trial court granted the State's motion.

¶ 13        This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15        On appeal, defendant argues the trial court erred in dismissing his amended postconviction petition "because he made a substantial showing that appellate counsel was ineffective for failing to argue that the trial court erred by refusing to consider the constitutionally mandated objective of restoring the offender to useful citizenship when fashioning [defendant's] sentence and for failing to challenge [defendant's] 24-year sentence as excessive." We review *de novo* a trial court's decision to dismiss a postconviction petition during the second stage of postconviction proceedings. *People v. Coleman*, 183 Ill. 2d 366, 388, 701 N.E.2d 1063, 1075 (1998).

¶ 16        According to the State, the issues defendant raises on appeal were not litigated in the trial court when the court dismissed the amended petition. We agree. The only claims included in the amended petition were (1) defendant's trial counsel was ineffective for not presenting at defendant's sentencing hearing two pieces of mitigating evidence, a list of medicines defendant had been prescribed and a letter from Dr. Travis Swink and (2) defendant's counsel on direct appeal was ineffective for not arguing trial counsel was ineffective. With regard to defendant's second argument, his amended petition lacked any specificity as to what part of trial counsel's performance appellate counsel should have argued was ineffective. However, we presume the amended petition was referring to trial counsel's failure to introduce

- 7 -

the list of defendant's prescribed medications and Dr. Swink's letter at the sentencing hearing.

¶ 17 Our supreme court has stated a defendant may not raise an issue for the first time while on appeal in a postconviction proceeding. *People v. Jones*, 211 Ill. 2d 140, 148, 809 N.E.2d 1233, 1239 (2004). Further, even though an issue may have been raised in an earlier version of a postconviction petition, the issue is not preserved for purposes of review if the defendant's final amended petition neither includes the claim nor generally incorporates the defendant's prior postconviction pleadings. *People v. Snow*, 2012 IL App (4th) 110415, ¶ 55, 964 N.E.2d 1139. As a result, because the issues defendant argues on appeal were not included in the final amended postconviction petition which the trial court dismissed, those issues cannot be raised on appeal. See *Jones*, 211 Ill. 2d at 148, 809 N.E.2d at 1239.

¶ 18 Relying on *People v. Kirk*, 2012 IL App (1st) 101606, 978 N.E.2d 248, and *People v. Russell*, 2016 IL App (3d) 140386, 52 N.E.3d 714, defendant made the following argument for the first time in his reply brief:

> "If this Court agrees with the State that [defendant's] argument is forfeited
> on appeal because it was not included in the amended petition, then it necessarily
> follows that post-conviction counsel violated Rule 651(c) for not including the
> claim and [defendant] was denied his right to the reasonable assistance of
> post-conviction counsel. [Citation.] The failure to present—and preserve for
> appellate review—issues that have arguable merit, must be considered a 651(c)
> violation and unreasonable performance. [Citations.] Thus, if this Court finds the
> claim raised in [defendant's] opening brief is not properly presented, it must
> necessarily place the blame on post-conviction counsel rather than [defendant],
> and remand for second-stage proceedings."

We note defendant's postconviction counsel did file a facially compliant Rule 651(c) certificate. However, defendant notes the Rule 651(c) certificate only creates a rebuttable presumption defendant received the required representation. *People v. Marshall*, 375 Ill. App. 3d 670, 680, 873 N.E.2d 978, 987 (2007).

¶ 19 Defendant argues the record in this case rebuts the presumption appointed postconviction counsel provided the representation required. According to defendant:

"Here, post-conviction counsel filed a Rule 651(c) certificate [citation], but her amended petition did not fully set forth [defendant's] ineffective assistance of appellate counsel claim that had been raised previously. Indeed, in [defendant's] prior appeal, this Court vacated the trial court's summary dismissal order and remanded the matter, finding that [defendant] stated the gist of a constitutional claim that trial counsel was ineffective at sentencing for 'failing to present mitigating evidence at sentencing *and appellate counsel was ineffective for failing to challenge his 24-year sentence as excessive*.' *People v. Tilley*, 2013 IL App (4th) 120606-U, ¶¶ 5-7 (emphasis added). Post-conviction counsel's failure to explicitly tie [defendant's] ineffective assistance of appellate *** counsel to his earlier claim, recognized by this Court, was unreasonable."

¶ 20 Because defendant did not argue his postconviction trial counsel failed to comply with Rule 651(c) in his initial brief to this court, we find this argument forfeited pursuant to Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). We note defendant incorrectly states this court—in reversing the summary dismissal of his *pro se* postconviction petition—found defendant stated the gist of a constitutional claim his appellate counsel was ineffective for failing to challenge his 24-year sentence as excessive. This court only found defendant stated the gist of

a constitutional claim with regard to trial counsel's failure to present the information regarding Dr. Swink and a local pharmacist as mitigating evidence at sentencing. *Tilley*, 2013 IL App (4th) 120606-U, ¶¶ 22-23. Because the entire postconviction petition must be docketed for second-stage proceedings if at least one issue raised states the gist of a constitutional claim, this court did not discuss defendant's claim his counsel in his direct appeal was ineffective for not arguing defendant's sentence was excessive. *Tilley*, 2013 IL App (4th) 120606-U, ¶ 24. As we have determined all of defendant's arguments raised in both his appellant's brief and reply brief are forfeited, we make no determination on the merits of these claims.

¶ 21                                    III. CONCLUSION

¶ 22            For the reasons stated, we affirm the trial court's dismissal of defendant's postconviction petition.

¶ 23            Affirmed.