**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190714-U

Order filed December 15, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0714 Circuit No. 17-CF-271 |
| KEYSHAWN D. NICHOLS, | ) ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAUGHERITY delivered the judgment of the court.
Justices Hauptman and Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The circuit court did not err in dismissing defendant's postconviction petition at the first stage where: (1) defendant failed to establish that the court improperly considered his youth at sentencing, (2) defendant forfeited his claim of ineffective assistance of plea counsel, and (3) the court did not exhibit bias.

¶ 2    Defendant, Keyshawn D. Nichols, appeals from the Peoria County circuit court's summary dismissal of his postconviction petition. Defendant argues the court erroneously dismissed his petition because: (1) it established the gist of a constitutional claim regarding the court's failure to consider his youth as a factor in mitigation at sentencing, (2) it established that

plea counsel's ineffective assistance rendered his plea unknowing and involuntary, and (3) the court exhibited bias. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On April 26, 2017, the State charged defendant with two counts of armed robbery (720 ILCS 5/18(a)(2), (b) (West 2016)), Class X felonies, three counts of home invasion (*id.* § 19-6(a)(3), (a)(2), (c)), Class X felonies, one count of unlawful possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1), (b) (West 2016)), a Class 2 felony, and one count of aggravated battery (720 ILCS 5/12-3.05(a)(1), (h) (West 2016)), a Class 3 felony.

¶ 5        On May 29, 2018, pursuant to a partially negotiated plea agreement, defendant pled guilty to one count of home invasion, a Class X felony. The indictment alleged that on January 17, 2017, defendant, "knowingly and without authority, entered the dwelling of Bobby Sutton *** having reason to know one or more persons were present within that dwelling and intentionally caused injury to Bobby *** by striking him while Bobby *** was located within said dwelling." Pursuant to the parties' agreement, the State dismissed the remaining counts and capped its sentence request to 30 years' imprisonment. The parties agreed that defendant was eligible to serve his sentence at 85%. Defendant confirmed that he understood the plea agreement.

¶ 6        Before accepting defendant's plea, the court told defendant:

> "Let me just repeat that for you, [defendant], to confirm you understand what
> we're doing. In exchange for pleading guilty to Count 5, a Class X felony of
> home invasion which would ordinarily carry a sentencing range of a minimum of
> 6 years in the Department of Corrections [(DOC)] up to a maximum of 60 years

2

in the [DOC] given the victim's age in the case, you instead will be eligible for only a 6 year minimum up to a cap of a 30 year maximum in the [DOC].

Any such DOC time will be served at an 85 percent rate. ***

You would also have to serve a period of three years of mandatory supervised released [(MSR)] ***."

The court explained that had defendant proceeded to trial on all charges, he would have faced a far greater sentence due to the multiple Class X felony charges. Defendant indicated that he understood and agreed to the terms of the plea agreement. The court continued, "Do you have any questions with regard to the sentencing ranges that would exist if you were found guilty at trial or the ones that will, in fact, be in play at your sentencing hearing ***?" Defendant confirmed that plea counsel informed him about the sentencing possibilities and that he had no questions.

¶ 7    In its factual basis, the State indicated that on the evening of January 17, 2017, Bobby and Victoria Sutton, and Gregory Lee, were at the Sutton residence. A man knocked on the door and Lee exited the residence. Later, several men entered the residence. One of the individuals restrained Lee when they entered. Lee was beaten about his head. Several individuals confronted Bobby and Victoria. One individual struck Bobby with a weapon causing great bodily harm. The individuals stole Bobby and Victoria's vehicle. The next morning, police located the vehicle. Defendant was inside the vehicle and attempted to flee. Testing revealed that blood found on defendant's sweatshirt and shoes belonged to Lee.

¶ 8    Before the July 18, 2018, sentencing hearing, the court admonished defendant that he would serve his sentence at 85%, followed by a three-year term of MSR. At the hearing, counsel argued that defendant was "very young" and did not have a criminal history prior to the current

3

offense. In their sentencing arguments, both the State and counsel noted that defendant's sentence would be served at 85%.

¶ 9    In its ruling, the court stated that it considered defendant's youth in mitigation and acknowledged that defendant was 17 years old at the time of the offense with no prior criminal offenses. The court noted that following the completion of defendant's sentence, defendant would be "a relatively young man" and would "have the opportunity to display maturity." The court continued,

> "[Y]our sentence is not being imposed toward or close to the higher end of this [6 to 30 year] range, is because of your youthfulness, your chronological age at the time of the offense, your established biological evidence of a person that age being particularly immature, brain development less than mature, your impetuosity, your failure to appreciate risks and consequences, all consistent with a person of a young age."

¶ 10    The court sentenced defendant to 20 years' imprisonment to be served at 85% and three years' MSR.

¶ 11    On August 3, 2018, the court denied defendant's motion to reconsider sentence. When the court concluded the hearing, defendant stated, "Man, that's some straight ass bullshit, man" and "Man, fuck you, dog."

¶ 12    On July 29, 2019, defendant filed a postconviction petition as self-represented litigant, which alleged that his plea of guilty was involuntary and that he received ineffective assistance where counsel informed defendant that he "may receive good time credit and a reduction in his sentence if he participated in certain educational programs," and that defendant "may be eligible for day for day good time credit, [defendant's] initial six month credit and that his specific,

capped sentence would not exceed 20 years[']" imprisonment. Defendant contended that this information was incorrect where he was "ineligible for such credit due to the offense" and "a three-year term of [MSR] automatically attaches by operation of law to his class X sentence." Defendant argued that had he known of the three-year term of MSR and his ineligibility for good time sentencing credit, he would not have pled guilty.

¶ 13       On October 8, 2019, the court dismissed defendant's postconviction petition, finding that it had repeatedly advised defendant that he faced a three-year term of MSR, and that defendant would serve 85% of his sentence. The court further found that it had considered defendant's youth in mitigation, and defendant confirmed that counsel had reviewed the terms of the agreement prior to the plea, and that no other promises had been made. Finally, the court noted that, "in hindsight, when all of the above hearings were said and properly done, Defendant had the last word upon exiting the courtroom on August 3, 2018, which merely confirmed Defendant's incorrigibility, when he stated to the court: 'Man, that's straight ass bullshit man' and 'Fuck you.' " Defendant appeals.

¶ 14                                II. ANALYSIS

¶ 15       Defendant argues the court erroneously dismissed his postconviction petition because: (1) it established the gist of a constitutional claim regarding the court's failure to consider his youth as a factor in mitigation at sentencing, (2) it established that plea counsel's ineffective assistance rendered his plea unknowing and involuntary, and (3) the court exhibited bias.

¶ 16       The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)) provides a process for a criminal defendant to assert that his conviction resulted from a substantial denial of his rights under the United States Constitution, the Illinois Constitution, or both. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). At the first stage, defendant need only state the "gist" of a

5

constitutional claim. *Id.* The first stage of postconviction proceedings "presents a 'low threshold' [citation], requiring only that the petitioner plead sufficient facts to assert an arguably constitutional claim." *People v. Brown*, 236 Ill. 2d 175, 184 (2010) (quoting *People v. Jones*, 211 Ill. 2d 140, 144 (2004)). The circuit court may summarily dismiss the petition at the first stage of proceedings if it is frivolous or patently without merit, such that it "has no arguable basis either in law or in fact." *Hodges*, 234 Ill. 2d at 16. "A petition which lacks an arguable basis either in law or in fact is one which is based on an indisputably meritless legal theory or a fanciful factual allegation." *Id.*

¶ 17                                    A. Sentencing

¶ 18        Defendant argues that his petition established the gist of a constitutional claim regarding his sentence, where the court failed to consider his youth in mitigation. See *Miller v. Alabama*, 567 U.S. 460, 473 (2012).

¶ 19        In *Miller*, the Court forbid the imposition of *mandatory* life sentences on a juvenile offender. *Id.* at 479. A court could impose a discretionary life sentence on a juvenile offender only after it considered the juvenile's youth and its attendant characteristics. *Id.* In *People v. Reyes*, 2016 IL 119271, ¶¶ 7, 8 (*per curiam*), our supreme court extended *Miller* to require courts to consider youth and its attendant characteristics before imposing a *de facto* life sentence. In *People v. Buffer*, 2019 IL 122327, ¶ 42, our supreme court defined a *de facto* life sentence as a sentence greater than 40 years' imprisonment.

¶ 20        We note that the court did not impose a *de facto* life sentence when it sentenced defendant to 20 years' imprisonment. See *id.* Therefore, the court was not required to consider the *Miller* factors, and defendant's claim has no basis in law.

6

¶ 21 Further, in the present case, the court explicitly considered defendant's youth when it noted defendant's age and stated that, but for defendant's youth, the court would have imposed a longer sentence. *Supra*, ¶ 9. Thus, the record shows that the court properly considered defendant's youth in mitigation, and defendant's claim has no basis in fact.

¶ 22                                                    B. Plea

¶ 23 Defendant argues that his petition established the gist of a claim that he entered an unknowing and involuntary plea due to ineffective assistance of counsel. Specifically, defendant argues that plea counsel gave deficient advice concerning the potential sentencing range and applicable sentence enhancements attendant to the dismissed offenses.

¶ 24 Defendant may not raise new allegations on appeal. See 725 ILCS 5/122-3 (West 2018); see also *Jones*, 211 Ill. 2d at 143, 148. Claims not raised in the original or amended petition are waived. See 725 ILCS 5/122-3 (West 2018).

¶ 25 In the present case, defendant alleged in his postconviction petition the ineffective assistance of plea counsel for incorrectly advising him regarding the applicable good time sentencing credit and MSR, resulting in an involuntary guilty plea. On appeal, defendant concedes that the claims in his petition are insufficient to establish that his plea was involuntary and raises new ineffective assistance claims that plea counsel gave deficient advice concerning the potential sentencing range and applicable sentence enhancements regarding the dismissed offenses. Defendant's claims on appeal are waived where defendant failed to raise those claims in his postconviction petition. See *id.*

¶ 26 Even assuming, *arguendo*, that defendant's claims are not waived, and defendant had established counsel's deficient performance, defendant is unable to establish prejudice necessary for a showing of ineffective assistance of counsel. See *Strickland v. Washington*, 466 U.S. 668,

694 (1984) (to challenge the effectiveness of counsel a defendant must show both that counsel provided deficient performance and that deficiency caused prejudice); see also *People v. Hale*, 2013 IL 113140, ¶ 17 (an ineffective assistance of counsel claim may be disposed of on defendant's failure to establish prejudice alone). Prior to defendant's plea, he faced seven charges, which included five Class X felonies. Defendant cannot show that it would have been rational under the circumstances to reject his agreement to plead guilty to one Class X felony, and instead go to trial on five Class X felonies. See *People v. Brown*, 2017 IL 121681, ¶ 28. Moreover, the evidence of defendant's guilt was overwhelming. Police located defendant inside the Sutton's vehicle hours after the home invasion. At the time, defendant was wearing clothes stained with Lee's blood. As a result, defendant cannot establish prejudice by the deficient performance of counsel.

¶ 27                                    C. Court Bias

¶ 28        Defendant argues that the circuit court exhibited bias in its order summarily dismissing defendant's petition, requiring us to reverse and remand for new first-stage proceedings. As evidence of bias, defendant points to the court's reference to defendant's verbal in-court outburst following the court's ruling on his motion to reconsider sentence.

¶ 29        The right to an unbiased, open-minded trier of fact is fundamental and rooted in the constitutional guaranty of due process of law. *People v. McDaniels*, 144 Ill. App. 3d 459, 462 (1986). "Allegations of judicial bias must be viewed in context and should be evaluated in terms of the trial judge's specific reaction to the events taking place." *People v. Jackson*, 205 Ill. 2d 247, 277 (2001). A judge is presumed to be impartial even after extreme provocation. *People v. Hall*, 114 Ill. 2d 376, 407 (1986). The party asserting judicial bias must overcome this presumption by presenting evidence of the judge's personal bias and engagement in prejudicial

8

conduct during the proceedings. *Eychaner v. Gross*, 202 Ill. 2d 228, 280 (2002). "[O]nly under the most extreme cases would disqualification for bias or prejudice be constitutionally required." *People v. Coleman*, 168 Ill. 2d 509, 541 (1995). We review *de novo* issues regarding the denial of due process. *People v. Bradley*, 2017 IL App (4th) 150527, ¶ 13.

¶ 30     In the present case, the court's comment in its summary dismissal of defendant's petition fails to establish judicial bias. The record shows that the court noted defendant's in-court outburst in support of its prior finding of incorrigibility at sentencing. However, the court did not rely on the outburst to dismiss defendant's petition. Therefore, the court did not exhibit judicial bias by referencing defendant's prior statements.

¶ 31                                III. CONCLUSION

¶ 32     The judgment of the circuit court of Peoria County is affirmed.

¶ 33     Affirmed.