2022 IL App (1st) 201048-U

No. 1-20-1048

Order filed March 11, 2022

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 12 CR 20331 |
| | ) | |
| SHERARD MARTIN, | ) | Honorable |
| | ) | William B. Raines, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Cunningham and Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The summary dismissal of defendant's postconviction petition was proper because (1) the defendant forfeited his challenge to the adequacy and result of the circuit court's preliminary *Krankel* inquiry by not raising the issue on direct appeal, and (2) he improperly raised his argument that the *Krankel* inquiry was insufficient with regard to the issue of his jury waiver for the first time on appeal.

¶ 2    Defendant Sherard Martin appeals from the summary dismissal of his petition for relief

filed pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)).

On appeal, defendant contends that his petition should have advanced to second-stage

postconviction proceedings because his case involves a meritorious "*Krankel*-based" claim of ineffective assistance of trial counsel. See *People v. Krankel*, 102 Ill. 2d 181 (1984). We affirm.

¶ 3    Defendant's conviction arose from the events which occurred on October 20, 2012. Following a 2013 bench trial, the circuit court found defendant guilty of one count of armed habitual criminal, two counts of unlawful use of a weapon by a felon, and seven counts of aggravated unlawful use of a weapon. The underlying facts are set forth in our order on direct appeal, so we only recite those relevant to the post-conviction petition at issue here. See *People v. Martin*, 2016 IL App (1st) 140809-U.

¶ 4    The record shows that after trial, defense counsel filed a motion for a new trial and an amended motion for a new trial. When the case was called for sentencing, counsel informed the court that defendant had "presented to me this morning a motion for new trial that he prepared."[1] Counsel stated that the *pro se* motion was similar to his own written motions, adding:

> "Probably ineffective assistance of counsel is one of the pegs, which I kind of agree with. If it was a jury we wouldn't be sitting here right now. It was a judgment call on my part, which was wrong. So if he wants to file that it's fine with me. I think other than that, he wants me to continue to represent him in this regard."

¶ 5    The court, examining the written *pro se* motion, observed that "[t]he only allegation of ineffectiveness states the attorney for the defendant failed to object to numerous references to facts not in evidence and hearsay testimony regarding the alleged condition *** the weapon was found in, which was the center of the State's circumstantial argument." After counsel agreed with the

---

[1] The written *pro se* motion for a new trial is not included in the record on appeal.

court's reading, the court stated, "Okay. So I have read that into the record. The rest of it he may not file. He's represented by counsel."

¶ 6     The court then questioned defendant and counsel as follows:

"THE COURT: But I will ask you, [defendant], so you make an allegation of ineffective assistance. Have I just accurately read your allegation?

THE DEFENDANT: Yes.

THE COURT: That there was—counsel failed to object to certain hearsay testimony.

THE DEFENDANT: Yes.

THE COURT: You have any other complaints as far as counsel's representation of you?

THE DEFENDANT: None that I'd like to add at this time.

THE COURT: Now is the time if you have any. Make it now or hold your peace.

THE DEFENDANT: Okay. Well, I will leave it as it is then.

THE COURT: Okay. [Defense counsel], you made a reference as to whether or not it's a bench or jury. That's not even contained in that motion.

[DEFENSE COUNSEL]: It's not, judge. I mean I don't think there's a—I'm not saying I violated anything. I feel bad about the decision. Whether that's technically ineffective assistance of counsel, I think it's a general way; whether it is legally, that's another question.

I just gave him bad advice. I might ask to withdraw.

THE COURT: Testimony as to—by a witness as to the condition he observed the weapon in when it was recovered is not hearsay. Testimony of the observations of the officer.

In a bench trial the court is presumed not to consider inadmissible evidence also. I don't believe that I did consider any improper evidence in making my findings of fact and conclusions of law.

I do not find that counsel was ineffective. You still wish [defense counsel] to represent you?

THE DEFENDANT: Yes."

¶ 7     Thereafter, the parties argued the amended motion for a new trial, which the court denied. Following the sentencing hearing, the court merged all the counts into the count charging armed habitual criminal and imposed a sentence of 12 years in prison.

¶ 8     On direct appeal, defendant contended that the State failed to prove him guilty beyond a reasonable doubt because the two police officers who testified gave improbable and unsatisfactory testimony. He also contended that his conviction violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). We affirmed. *Martin*, 2016 IL App (1st) 140809-U.

¶ 9     On June 4, 2020, defendant, through new counsel, filed a "Verified Post-Conviction Petition," which indicated it was a "blended" filing pursuant to the Act (725 ILCS 5/122-1 *et seq.* (West 2020)) and section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2020)). Relevant here, defendant contended in the petition that he had been deprived of the effective assistance of trial counsel. He asserted that "[i]n advance of 9/23/13 [defendant] had

urged his retained trial lawyer to present his ineffective assistance of counsel arguments—trial counsel refused." Defendant argued that "[r]egarding *Krankel*," *People v. Bates*, 2019 IL 124143, "furnishes substantial support for the granting of this postconviction petition." In a footnote, defendant added that he "is not asserting that his jury waiver was skewed."

¶ 10    In an attached affidavit, defendant stated that the court "declined furnishing [him] with a '*Krankel*' hearing, with the benefit of appointed counsel," and that trial counsel "refused to prepare and present the *Krankel*-related motion notwithstanding [defendant's] request that he do so." Defendant maintained that due to trial counsel's ineffective performance, he "suffered the prejudice of multiple convictions based on his alleged circumstantial possession of a single firearm."

¶ 11    On August 12, 2020, the circuit court dismissed the petition as "frivolous and patently without merit" in a written order. The court found that defendant could have raised his *Krankel* claim on direct appeal, and, therefore, the issue was "waived." Procedural default aside, the court found that the *Krankel* claim failed on the merits as well.

¶ 12    On appeal, defendant contends that his postconviction petition should have advanced to second-stage proceedings because his case involves a meritorious "*Krankel*-based" claim of ineffective assistance of trial counsel.[2]

¶ 13    Postconviction proceedings under the Act are collateral to proceedings in a direct appeal and focus on constitutional claims that have not and could not have been previously adjudicated. *People v. Holman*, 2017 IL 120655, ¶ 25. Accordingly, any issues that were raised and decided on

_____

[2] Defendant presents arguments on appeal only in the context of the postconviction aspect of his petition. Despite the representation in the petition that it was a "blended" filing pursuant to the Act and section 2-1401 of the Code, defendant makes no arguments on appeal involving section 2-1401.

direct appeal are barred from postconviction consideration by *res judicata*, and issues that could have been raised, but were not, are forfeited. *Id.* The Act provides a three-stage process for adjudication. *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). This case involves the first stage of the process, during which the circuit court independently assesses the petition, taking the allegations as true and giving the petition a liberal construction. *Id.* at 10-11. Based on this review, the court must determine whether the petition "is frivolous or is patently without merit," and, if it so finds, dismiss the petition. 725 ILCS 5/122-2.1(a)(2) (West 2020).

¶ 14     A petition may be dismissed as frivolous or patently without merit "only if the petition has no arguable basis either in law or in fact." *People v. Tate*, 2012 IL 112214, ¶ 9. A petition has no arguable basis in law when it is founded in "an indisputably meritless legal theory," for example, a legal theory that is completely belied by the record. *Hodges*, 234 Ill. 2d at 16. A petition has no arguable basis in fact when it is based on a "fanciful factual allegation," which includes allegations that are "fantastic or delusional." *Id.* at 16-17; *People v. Morris*, 236 Ill. 2d 345, 354 (2010). A postconviction petition may be summarily dismissed as frivolous and patently without merit based on both forfeiture and *res judicata*. *People v. Blair*, 215 Ill. 2d 427, 442 (2005). We review a first-stage dismissal *de novo*. *Hodges*, 234 Ill. 2d at 9. Under this standard, we review the circuit court's judgment, not the reasons given for it. *People v. Jones*, 399 Ill. App. 3d 341, 359 (2010).

¶ 15     In this court, defendant contends that his postconviction petition should have advanced to second-stage proceedings because his case involves a meritorious "*Krankel*-based" claim of ineffective assistance of trial counsel. Defendant argues that although the record shows trial counsel had "seemingly insisted that defendant waive his right to a jury trial," the circuit court did not ask defendant any questions during the *Krankel* inquiry concerning his jury waiver. Defendant

maintains that his jury waiver is "challengeable" in postconviction proceedings because it was raised in the context of a claim of ineffective assistance of counsel. He further argues that the circuit court "barely considered" only a single issue from his written *pro se* posttrial motion, and asserts that had the court "taken another moment or two which would have permitted defendant to collect his thoughts, defendant would have expanded his comments which would have included the non-record reasons for his jury waiver."

¶ 16     A procedure for considering *pro se* posttrial claims of ineffective assistance of counsel has developed from *Krankel* and its progeny. See *People v. Jackson*, 2020 IL 124112, ¶¶ 95-97. When a defendant brings a *pro se* posttrial claim of ineffective assistance of counsel to the circuit court's attention, the court is to conduct an inquiry into the factual basis of the claim. *Id.* ¶ 97. If the court determines that the claim lacks merit or pertains only to matters of trial strategy, it may deny the motion without appointing new counsel. *Id.* "A claim lacks merit if it is conclusory, misleading, or legally immaterial or does not bring to the trial court's attention a colorable claim of ineffective assistance of counsel." *People v. McLaurin*, 2012 IL App (1st) 102943, ¶ 40. In contrast, if the defendant's allegations show "possible neglect" of the case, new counsel should be appointed to represent the defendant at a hearing on his claims. *Jackson*, 2020 IL 124112, ¶ 97.

¶ 17     At the preliminary *Krankel* inquiry, the court may consider both the factual basis for the claim and its legal merits. *People v. Roddis*, 2020 IL 124352, ¶ 70. "The court can 'base its evaluation of the defendant's *pro se* allegations of ineffective assistance on its knowledge of defense counsel's performance at trial and the insufficiency of the defendant's allegations on their face.' " *Id.* ¶ 56 (quoting *People v. Moore*, 207 Ill. 2d 68, 79 (2003)). The preliminary *Krankel* inquiry should operate as a neutral and nonadversarial proceeding. *People v. Jolly*, 2014 IL

117142, ¶ 38. The court may discuss the defendant's allegations with both the defendant and trial counsel. *Moore*, 207 Ill. 2d at 78. Whether a circuit court properly conducted a preliminary *Krankel* inquiry is a legal question that we review *de novo*. *Jackson*, 2020 IL 124112, ¶ 98.

¶ 18 The State contends that because the "entire proceeding" of the circuit court's *Krankel* inquiry in this case was part of the original trial record, defendant could have raised a challenge to the result of the preliminary inquiry on direct appeal. Since he did not do so, the State argues the issue is forfeited. We agree. Here, the transcript of proceedings reveals the substance of the circuit court's preliminary *Krankel* inquiry. Therefore, any issue concerning the inquiry's adequacy and result would have been evident to defendant's appellate counsel. See *People v. Johnson*, 2016 IL App (5th) 130554, ¶ 29. The issue could have been, but was not, raised on direct appeal. Therefore, it is forfeited, and summary dismissal of the postconviction petition was proper on this basis. See *id.* ¶ 32.

¶ 19 We also agree with the State that by arguing in his brief that the *Krankel* inquiry was insufficient with regard to the jury waiver issue, defendant is improperly raising what amounts to an entirely new claim for the first time on appeal. In the postconviction petition and attached affidavit, defendant only made nonspecific, blanket allegations that the preliminary *Krankel* inquiry was inadequate. He did not argue that the circuit court failed to inquire into the jury waiver issue and even stated, in a footnote, "[Defendant] is not asserting that his jury waiver was skewed."

¶ 20 The Act provides that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2020). Moreover, in an appeal from an order dismissing a postconviction petition, the issue is whether the allegations in the petition were sufficient to invoke relief. See *People v. Jones*, 211 Ill. 2d 140, 148 (2004).

Therefore, any issues to be reviewed must be presented in the petition filed in the circuit court, and a defendant may not raise a postconviction issue for the first time on appeal. *Id.* Here, where defendant's claim involving the jury waiver issue was not presented in his petition, it is forfeited. We do not have the authority to excuse an appellate forfeiture caused by the failure of a defendant to include issues in his postconviction petition. *People v. Jones*, 213 Ill. 2d 498, 508 (2004).

¶ 21    In sum, we find the summary dismissal of defendant's postconviction petition was proper. Defendant could have raised a challenge to the *Krankel* inquiry's adequacy and result on direct appeal but did not, resulting in forfeiture of the issue. Moreover, defendant's argument on appeal that the *Krankel* inquiry was insufficient with regard to the jury waiver issue is improperly being raised for the first time in this court. Therefore, we affirm the summary dismissal of defendant's postconviction petition.

¶ 22    Affirmed.