NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220968-U

NO. 4-22-0968

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 2, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| OLADAPO AJIBOLA, | ) | No. 11CF327 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Ryan M. Cadagin, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed the trial court's dismissal of defendant's postconviction petition because defendant waived his unreasonable assistance of counsel claim and counsel's failure to file a valid Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) certificate was harmless error.

¶ 2     Defendant, Oladapo Ajibola, appeals from the trial court's second-stage dismissal of his postconviction petition. Defendant argues he is entitled to remand for new second-stage proceedings because (1) he received unreasonable assistance of postconviction counsel and (2) counsel filed a deficient Rule 651(c) certificate of compliance (see Ill. S. Ct. R. 651(c) (eff. July 1, 2017)), and the record does not otherwise demonstrate compliance with the rule. We affirm.

¶ 3                                I. BACKGROUND

¶ 4 The factual background and procedural history of defendant's case were examined in depth on direct appeal. See *People v. Ajibola*, 2015 IL App (4th) 130430-U (unpublished order under Supreme Court Rule 23). Accordingly, we only address the facts necessary to the disposition of this appeal.

¶ 5 A. Conviction and Appeal

¶ 6 In May 2011, the State charged defendant by information with home invasion, (720 ILCS 5/12-11(a)(2) (West 2010)) (count I), aggravated domestic battery (*id.* § 12-3.3(a)) (count II), two counts of criminal damage to property (*id.* § 21-1(1)(a)) for damage to a car window (count III) and for damage to a residence door (count IV), and domestic battery (*id.* § 12-3/2) (count V). In December 2012, a jury found defendant guilty on all five counts. The trial court entered judgment on the first four counts and merged count V into count II as a lesser-included offense.

¶ 7 In February 2013, the trial court sentenced defendant to 22½ years in prison for count I and 364 days in jail each for counts III and IV, to run concurrently. The court vacated count II under the one-act, one-crime rule.

¶ 8 On direct appeal, this court affirmed defendant's 22½-year sentence but reversed the trial court's judgment on count IV. *Ajibola*, 2015 IL App (4th) 130430-U, ¶ 75.

¶ 9 B. Postconviction Petition

¶ 10 In August 2015, defendant filed a *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)). Defendant alleged multiple claims of ineffective assistance of trial counsel, including failing to (1) communicate a plea offer, (2) call defendant's mother to testify at trial, and (3) review any discovery materials with defendant before trial.

¶ 11 The trial court advanced defendant's petition to the second stage of postconviction proceedings and appointed counsel to represent defendant. In October 2015, the State filed a motion to dismiss defendant's petition. No amended petition for postconviction relief was filed on defendant's behalf during the next four years. In July 2019, counsel moved to withdraw as attorney for defendant.

¶ 12 In January 2020, the trial court appointed new postconviction counsel. Postconviction counsel filed an amended petition for postconviction relief in April 2022. The amended petition realleged defendant's *pro se* ineffective assistance of counsel arguments related to failing to communicate a plea offer and failing to call defendant's mother to testify. The amended petition omitted the claim concerning the failure to review discovery but did mention the failure to review evidence in the context of another claim. The amended petition did not indicate it incorporated defendant's *pro se* petition.

¶ 13 Along with the amended petition, postconviction counsel attached (1) an affidavit from defendant's parents, (2) the jail visitor log, (3) the docket sheet from October 15, 2012, to the end of trial, (4) an affidavit from defendant's mother, and (5) defendant's affidavit. Defendant's affidavit predominately addressed the plea offer claim but did allege trial counsel "made no reasonable effort" to discuss the case with defendant before trial. Counsel also filed a Rule 651(c) certificate of compliance, which read in part:

"1. I am the attorney for the petitioner.

2. I have consulted with the petitioner via telephone to ascertain his contentions of deprivation of constitutional rights.

3. I have examined relevant records of the trial proceedings and other documents and/or evidence.

        4. Amendments to the petition filed *pro se* are required for an adequate

representation of petitioner's contentions."

¶ 14        In June 2022, the State filed a motion to dismiss the amended petition.

Postconviction counsel then filed a response to the State's motion to dismiss. Unlike the

amended petition, counsel added a third claim of "Failure to Counsel." This new claim included

allegations relating to the failure to communicate a plea offer and the failure to review evidence

before trial. Counsel's response also clearly stated the amended petition superseded and did not

incorporate the *pro se* petition.

¶ 15        In October 2022, the trial court held a hearing on the State's motion to dismiss.

After argument, the court granted the State's motion and dismissed defendant's amended

postconviction petition. The court entered a written order finding defendant failed to make a

substantial showing of a constitutional violation.

¶ 16        This appeal followed.

¶ 17                                II. ANALYSIS

¶ 18        On appeal, defendant argues postconviction counsel provided unreasonable

assistance by failing to make the necessary amendments to his *pro se* petition. Defendant also

contends postconviction counsel filed a deficient Rule 651(c) certificate, and the record does not

otherwise demonstrate compliance with the rule.

¶ 19        The Act grants defendants the statutory right to challenge their convictions based

on a substantial deprivation of their constitutional rights. *People v. Pendleton*, 223 Ill. 2d 458,

471 (2006). The postconviction process is divided into three stages. *Id.* at 471-72. At the first

stage, the trial court reviews the petition and may dismiss it if "the petition is frivolous or is

patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2014). If the petition is not dismissed, the trial court dockets the petition for further consideration. *Id.* § 122-2.1(b).

¶ 20 At the second stage, the trial court may appoint counsel to represent an indigent defendant. *Id.* § 122-4. "The right to assistance of counsel in postconviction proceedings is a matter of legislative grace, and a defendant is guaranteed only the level of assistance provided by the *** Act." *People v. Hardin*, 217 Ill. 2d 289, 299 (2005). Because the right to postconviction counsel is wholly statutory, a defendant is entitled only to a reasonable level of assistance. *Pendleton*, 223 Ill. 2d at 472. The standard for reasonable assistance is "significantly lower than the one mandated at trial by our state and federal constitutions." *People v. Custer*, 2019 IL 123339, ¶ 30.

¶ 21 The State may file a motion to dismiss or answer the petition at the second stage. 725 ILCS 5/122-5 (West 2022). The trial court then determines whether the defendant made a substantial showing of a constitutional violation. *People v. Cotto*, 2016 IL 119006, ¶ 28. All well-pleaded facts not affirmatively rebutted by the record are taken as true, and the court is precluded from engaging in fact-finding or credibility determinations. *People v. Dupree*, 2018 IL 122307, ¶ 29. If the defendant makes a substantial showing of a constitutional violation, the petition advances to the third stage, where the court conducts an evidentiary hearing. 725 ILCS 5/122-6 (West 2022).

¶ 22 In the case before us, the trial court dismissed defendant's petition at the second stage. We review *de novo* the dismissal of a postconviction petition without an evidentiary hearing. *People v. Coleman*, 183 Ill. 2d 366, 388-89 (1998).

¶ 23     Neither party has raised the issue of waiver on appeal. Nevertheless, we must first address whether defendant waived his claim of unreasonable assistance of postconviction counsel.

¶ 24                    A. Waiver of Unreasonable Assistance Claim

¶ 25     Defendant first argues postconviction counsel rendered unreasonable assistance by failing to shape defendant's failure to review discovery claim into proper legal form. Specifically, defendant contends counsel failed to include necessary information in defendant's attached affidavit in support of this claim.

¶ 26     Section 122-3 of the Act provides "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2022). The Act contemplates the filing of only one postconviction petition without leave of the trial court. *Id.* § 122-1(f); *People v. Sanders*, 2016 IL 118123, ¶ 24. Consequently, when counsel files an amended petition and does not incorporate the *pro se* petition, the amended petition supersedes the *pro se* petition. *People v. Phelps*, 51 Ill. 2d 35, 38 (1972); *People v. Snow*, 2012 IL App (4th) 110415, ¶ 55.

¶ 27     When a superseding amended petition omits a claim which was raised in a defendant's initial *pro se* petition, the issue is no longer before the trial court. *Phelps*, 51 Ill. 2d at 38. Likewise, the claim is also deemed waived on appeal. See *Barnett v. Zion Park District*, 171 Ill. 2d 378, 384 (1996) ("Where an amended pleading is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be part of the record for most purposes and is effectively abandoned and withdrawn."); see also *People v. Bowens*, 407 Ill. App. 3d 1094, 1098 (2011) (defining waiver as "the intentional relinquishment of a known right").

¶ 28    Here, in his initial *pro se* petition, defendant included the failure to review discovery as its own ineffective assistance of counsel claim. However, in the amended petition filed by counsel, the failure to review evidence is only briefly mentioned within the context of a different ineffective assistance claim. It is not asserted as an independent claim.

¶ 29    At the October 2022 hearing, counsel acknowledged the amended petition did not include the failure to review discovery as a separate claim, stating:

> "MR. SCHANTZ [(DEFENSE COUNSEL)]: I want to also make clear that not only are we alleging that [defendant] was not told about this deal, he was also not counseled about the case against him, the State's evidence and so forth.
>
> It's mentioned in my—it's mentioned in my petition, but it's not separated out, though I did separate it out on my response to the State's Motion to Dismiss."

Further, the amended petition did not incorporate the *pro se* petition. In his response to the State's dismissal motion, counsel explicitly argued the amended petition superseded the *pro se* petition, and any claims not included in the amended petition were no longer before the trial court.

¶ 30    Defendant now contends he received unreasonable assistance of counsel based solely on the failure to review discovery claim. However, this claim was not sufficiently realleged in the amended petition, and defendant makes no claim postconviction counsel provided unreasonable assistance by failing to include it. Because the amended petition did not include the failure to review discovery as an independent claim, the issue was never properly before the trial court. Defendant cannot now argue counsel provided unreasonable assistance for failing to properly support a particular issue if the issue he appeals was never presented to the court. Defendant's unreasonable assistance of postconviction counsel claim is therefore waived.

¶ 31 Although defendant waived his unreasonable assistance claim in this appeal, he is not "entirely without recourse." *People v. Jones*, 211 Ill. 2d 140, 148 (2004). Defendant may raise the above issues in a successive postconviction petition. *Id.* To succeed on a claim raised in a successive petition, the defendant must "demonstrate 'cause' for failing to raise the error in prior proceedings and actual 'prejudice' resulting from the claimed error." *Id.* at 149 (citing *People v. Orange*, 195 Ill. 2d 437, 449 (2001)).

¶ 32 B. Rule 651(c) Certificate of Compliance

¶ 33 Next, defendant contends counsel's Rule 651(c) certificate is deficient on its face. We agree with defendant, but for the reasons stated below, we find the error harmless.

¶ 34 Rule 651(c) provides for postconviction counsel to file a certificate where counsel attests to compliance with the rule. *Cotto*, 2016 IL 119006, ¶ 27. The certificate must affirm counsel consulted with the defendant regarding his or her constitutional claims, examined the record of proceedings, and made any amendments necessary to the *pro se* petition for an adequate presentation of the defendant's claims. Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 35 "Unlike other supreme court rules, however, the certificate requirement in Rule 651(c) is not a rule of strict compliance." *People v. Williams*, 186 Ill. 2d 55, 59 n.1 (1999). Counsel may either file a Rule 651(c) certificate or "the record as a whole may demonstrate that postconviction counsel complied with those requirements." *People v. Jennings*, 345 Ill. App. 3d 265, 271 (2003). If counsel files a valid Rule 651(c) certificate, a rebuttable presumption arises " 'that counsel acted reasonably and complied with the rule.' " *People v. Beasley*, 2017 IL App (4th) 150291, ¶ 39 (quoting *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 25).

¶ 36 But if counsel fails to file a valid certificate of compliance, the reviewing court cannot assume counsel complied with Rule 651(c). *Jennings*, 345 Ill. App. 3d at 271 (quoting

*People v. Carter*, 223 Ill. App. 3d 957, 962 (1992)). Instead, the court must examine the record for an " 'explicit showing' " demonstrating counsel fulfilled Rule 651(c)'s three requirements. *Id.* The court will find the failure to file a valid certificate harmless only if the record indicates counsel adequately satisfied the duties mandated by Rule 651(c). *People v. Guest*, 166 Ill. 2d 381, 412 (1995).

¶ 37        Here, counsel's Rule 651(c) certificate stated, "Amendments to the petition filed *pro se* are required for an adequate representation of petitioner's contentions." This stands in contrast to the preceding statements on the certificate, which assert, "*I have consulted* with the petitioner via telephone to ascertain his contentions of deprivation of constitutional rights," and "*I have examined* relevant records of the trial proceedings and other documents and/or evidence." (Emphases added). Unlike the prior statements, counsel's statement on the necessary amendments did not confirm whether counsel himself fulfilled the third requirement mandated by Rule 651(c). Rather, counsel merely stated amendments are required, without attesting to whether counsel actually made the necessary amendments.

¶ 38        Moreover, the text of the certificate misstates counsel's duty under Rule 651(c). Amendments to the *pro se* petition are not always necessary. Only amendments for an adequate presentation of a defendant's claims are required, which means in some instances, no amendments are necessary. Because the certificate does not adequately convey whether counsel understood his duty regarding necessary amendments under Rule 651(c), we find the certificate failed to comply with Rule 651(c).

¶ 39        Although we find the Rule 651(c) certificate deficient on its face, the record otherwise demonstrates counsel adequately fulfilled his duties under Rule 651(c). First, counsel consulted with defendant through the exchange of several letters. See Ill. S. Ct. R. 651(c) (eff.

July 1, 2017) (permitting postconviction counsel to consult with petitioner about his or her constitutional claims by mail). Second, counsel's arguments in his filings and at the dismissal hearing demonstrated his familiarity with the record of proceedings at trial. And third, counsel filed an amended petition, which realleged two of defendant's *pro se* ineffective assistance of trial counsel claims and included five new attachments in support of those claims.

¶ 40 We note counsel was not obligated to raise every claim from defendant's *pro se* petition to satisfy his duty under Rule 651(c). "Fulfillment of the third obligation under Rule 651(c) does not require postconviction counsel to advance frivolous or spurious claims on defendant's behalf. If amendments to a *pro se* petition would only further a frivolous or patently nonmeritorious claim, they are not 'necessary' within the meaning of the rule." *People v. Greer*, 212 Ill. 2d 192, 205 (2004).

¶ 41 Accordingly, although postconviction counsel filed a deficient Rule 651(c) certificate, we find the error harmless as the record demonstrates counsel adequately satisfied his duties under the rule.

¶ 42 III. CONCLUSION

¶ 43 For the reasons stated, we affirm the trial court's judgment.

¶ 44 Affirmed.